Charles Robert TATE, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–96–023–CR.

Court of Appeals of Texas, Waco.

April 24, 1996.

William D. Stoneburner, Belton, for appellant.

John Segrest, Criminal District Attorney, Beth Toben, Asst. Criminal District Attorney, E. Alan Bennett, Asst. Criminal District Attorney, Waco, for appellee.

Before CUMMINGS and VANCE, JJ., and McDONALD, C.J. (Retired).

## OPINION

PER CURIAM.

Charles Tate pleaded guilty to possession of less than a gram of methamphetamine, a state jail felony, and the court assessed the agreed punishment of twenty-five years incarceration under the habitual offender provisions of the Penal Code. TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a), (b) (Vernon 1992 & Supp.1996); TEX. PENAL CODE ANN. § 12.42(d) (Vernon 1994).[1] He has filed a motion requesting that we expedite consideration of his appeal. Tate brings one point of error, claiming that his punishment is unauthorized and prays that we reverse the court's judgment and remand for a new trial. The State concedes that the punishment is invalid, but asks that we affirm Tate's conviction and remand the cause for resentencing only. After concluding that we have jurisdiction over this appeal, we will sustain Tate's point and reverse the judgment.

Because Tate pleaded guilty in exchange for a recommendation as to punishment from the State, which the court followed, he must have either complied with rule 40(b)(1) or raise jurisdictional complaints before we can exercise jurisdiction over his appeal. TEX.R.APP.P. 40(b)(1); *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994). He filed a "general" notice of appeal; thus, he is limited to jurisdictional issues. *Id.; Jones v. State*, 796 S.W.2d 183, 186 (Tex.Crim.App. 1990). However, whether the trial court has properly enhanced punishment under section 12.42 of the Penal Code is reviewable in such circumstances. *See Jones*, 796 S.W.2d at 184–85; *cf. Webb v. State*, 899 S.W.2d 814, 818 (Tex.App.—Waco 1995, pet. ref'd) (a court does not have jurisdiction to impose a punishment not authorized by statute).

The State concedes that Tate's sentence is invalid. *State v. Mancuso*, 919 S.W.2d 86, 90 (Tex.Crim.App.1996). It requests that we affirm his conviction and remand this cause for resentencing citing an appeal involving an open guilty plea. *Levy v. State*, 818 S.W.2d 801, 803 (Tex.Crim.App. 1991). However, "in plea bargain situations where specific performance is not an alternative, the *only* remedy is to order the plea withdrawn and to return the parties, including the State, to their original positions." *Heath v. State*, 817 S.W.2d 335, 340 (Tex. Crim.App.1991) (emphasis added); *also State v. Lewis*, 918 S.W.2d 557, 558 (Tex.App.— Dallas, 1996, no pet. h.). To reverse only the sentencing is neither logical nor fair. *Shannon v. State*, 708 S.W.2d 850, 852 (Tex.Crim. App.1986).

The State has not objected to Tate's motion to expedite this appeal. Neither party has requested oral argument. Thus, we grant the motion to expedite. Tate's conviction and sentence are reversed and this cause

---

1. Since the date of the offense, July 25, 1995, section 12.42 has been amended. Act of May 29, 1993, 73rd Leg., R.S., ch. 902, § 101, 1993 Tex. Gen.Laws 3586, 3603–04, *amended by* Act of May 25, 1995, 74th Leg., R.S., ch. 250, § 1, 1995 Tex.Gen.Laws 2176, *amended by* Act of May 29, 1995, 74th Leg., R.S., ch 318, § 1, 1995 Tex.Gen. Laws 2734 (current version at TEX. PENAL CODE ANN. § 12.42(d)(1) (Vernon Supp.1996)). How-

ever, the law in effect at the time of the commission of the offense governs. Act of May 29, 1995, 74th Leg., R.S., ch 318, § 84(b), 1995 Tex.Gen. Laws 2734, 2763; Act of May 25, 1995, 74th Leg., R.S., ch. 250, § 4(b), 1995 Tex.Gen.Laws 2176, 2177. In the text, we cite to the current bound version of Vernon's because the applicable text is found there.

is remanded for further proceedings consistent with this opinion.