TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00008-CR







Ex Parte: Caesar Garcia, Appellant








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0952933, HONORABLE LARRY FULLER, JUDGE PRESIDING







PER CURIAM


 Appellant stands indicted under the above cause number for the offense of sexual
assault. See Tex. Penal Code Ann. § 22.011(a)(1)(A), (b)(3) (West 1994 & Supp. 1996). By
application for writ of habeas corpus, appellant sought to bar prosecution of this indictment on
double jeopardy grounds. The writ issued and after a hearing, relief was denied.

 Appellant was first indicted for this offense under cause number 0945730. He filed
a motion to set aside that indictment because of alleged pleading deficiencies and, on March 2,
1995, the district court granted the motion in a written order. Nevertheless, cause number
0945730 was called for trial on June 6, 1995. After a jury was selected and sworn, appellant
brought the March 2 order to the attention of the presiding judge, who was not the judge who
signed it, and moved to dismiss on the ground that there was no pending indictment. The court
refused to rule on the motion but terminated the trial, saying, "[I]t has already been dismissed and
there is no case." Appellant was subsequently reindicted under the present cause number. 
Appellant argues that because the trial in cause number 0945730 ended after a jury was selected
and sworn, jeopardy attached to this offense and he cannot be prosecuted under the new
indictment. See Crist v. Bretz, 437 U.S. 28, 38 (1978) (jeopardy attaches when jury empaneled
and sworn).

 No person may be twice put in jeopardy for the same offense. U.S. Const. amend.
V; Tex. Const. art. I, § 14; Tex. Code Crim. Proc. Ann. art. 1.10 (West 1977). Obviously, an
accused must first suffer jeopardy before he can suffer double jeopardy. Serfass v. United States,
420 U.S. 377, 393 (1975); Ex parte McAfee, 761 S.W.2d 771, 772 (Tex. Crim. App. 1988). The
resolution of appellant's double jeopardy claim therefore turns on whether jeopardy attached to
this offense on June 6, when a jury was sworn to try appellant in cause number 0945730 three
months after that indictment was set aside. 

 It has long been settled that when a trial court empowered with jurisdiction over
a criminal case sustains a motion to dismiss the indictment, the person accused is, in law,
discharged from the accusation against him. Garcia v. Dial, 596 S.W.2d 524, 528 (Tex. Crim.
App. 1980). After the indictment is dismissed, there is no case pending against the accused and
no jurisdiction remaining in the dismissing court. Id. The State argues that the order setting aside
the indictment in cause number 0945730 discharged appellant and left the district court without
jurisdiction. Because the jurisdiction of the district court was not invoked, the aborted trial was
a nullity and appellant was never placed in jeopardy. Palm v. State, 656 S.W.2d 429, 431 (Tex.
Crim. App. 1981).

 Appellant asserts that the rule stated in Garcia v. Dial must be reexamined in light
of constitutional and statutory changes permitting the State to amend an indictment. Tex.
Const. art. V, § 12(b); Tex. Code Crim. Proc. Ann. arts. 28.09, .10 (West 1989). Under article
28.09, an indictment may be amended after an exception to its form or substance is sustained and
trial may then proceed on the amended indictment. Appellant reasons that the order setting aside
the indictment in cause number 0945730 did not divest the district court of jurisdiction because
the State could have amended the indictment and proceeded to trial. Thus, appellant concludes
that the court had jurisdiction of cause number 0945730 on June 6 and jeopardy attached.

 Article 28.09 does not abrogate the constitutional and statutory requirement that
a felony offense be prosecuted by indictment. Tex. Const. art. I, § 10; Tex. Code Crim. Proc.
Ann. art. 1.05 (West 1977); see Cook v. State, 902 S.W.2d 471, 478 (Tex. Crim. App. 1995)
(article V, section 12(b) does not dispense with necessity of indictment in order to vest
jurisdiction). If article 28.09 changes prior law, it does so only to the extent that it gives trial
courts continuing jurisdiction sufficient to permit amendment after a defense attack on the
charging instrument is sustained. See George E. Dix, Texas Charging Instrument Law: The 1985
Revisions and the Continuing Need for Reform, 38 Baylor L. Rev. 1, 57 n.197 (1986). If the
State can not or does not amend a charging instrument after an exception to its form or substance
is sustained, the prosecution is effectively terminated. State v. Moreno, 807 S.W.2d 327, 334
(Tex. Crim. App. 1991); State v. Eaves, 800 S.W.2d 220, 224 (Tex. Crim. App. 1990);
Prochazka v. State, 878 S.W.2d 230, 232 (Tex. App.--Corpus Christi 1994, no pet.).

 In Prochazka, the trial court granted the defendant's motion to quash the
information, but later reconsidered and overruled the motion. The defendant was then tried and
convicted on the original, unamended information. The State defended the actions of the trial
court arguing, as does appellant, that article 28.09 gave the court continuing jurisdiction even
after the information was quashed. The court of appeals rejected this argument, holding that the
order quashing the information terminated the prosecution, and that the reconsideration of the
motion to quash and ensuing conviction were void for lack of jurisdiction.

 Under the circumstances presented, the order setting aside the indictment in cause
number 0945730 effectively terminated, or dismissed, the prosecution and left the district court
without jurisdiction to try or convict appellant. As a consequence, the June 6 proceeding was a
nullity and appellant was not placed in jeopardy. Because there has been no former jeopardy,
prosecution on the new indictment will not constitute double jeopardy.

 The district court's order denying relief on writ of habeas corpus is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: August 14, 1996

Publish



uble jeopardy. Serfass v. United States,
420 U.S. 377, 393 (1975); Ex parte McAfee, 761 S.W.2d 771, 772 (Tex. Crim. App. 1988). The
resolution of appellant's double jeopardy claim therefore turns on whether jeopardy attached to
this offense on June 6, when a jury was sworn to try appellant in cause number 0945730 three
months after that indictment was set aside. 

 It has long been settled that when a trial court empowered with jurisdiction over
a criminal case sustains a motion to dismiss the indictment, the person accused is, in law,
discharged from the accusation against him. Garcia v. Dial, 596 S.W.2d 524, 528 (Tex. Crim.
App. 1980). After the indictment is dismissed, there is no case pending against the accused and
no jurisdiction remaining in the dismissing court. Id. The State argues that the order setting aside
the indictment in cause number 0945730 discharged appellant and left the district court without
jurisdiction. Because the jurisdiction of the district court was not invoked, the aborted trial was
a nullity and appellant was never placed in jeopardy. Palm v. State, 656 S.W.2d 429, 431 (Tex.
Crim. App. 1981).

 Appellant asserts that the rule stated in Garcia v. Dial must be reexamined in light
of constitutional and statutory changes permitting the State to amend an indictment. Tex.
Const. art. V, § 12(b); Tex. Code Crim. Proc. Ann. arts. 28.09, .10 (West 1989). Under article
28.09, an indictment may be amended after an exception to its form or substance is sustained and
trial may then proceed on the amen