James Earl **HICKS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–98–203–CR.

Court of Appeals of Texas, Waco.

April 21, 1999.

Opinion Granting Rehearing Aug. 18, 1999.

John M. Hurley, Waco, for appellant.

John W. Segrest, Crim. Dist. Atty., Laura M. Alaniz, Dist. Atty., for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

James Hicks was convicted of and sentenced for indecency with a child. His appeal asserts a single issue for review: Are the conviction, judgment, and sentence void where the trial court dismissed the count of the indictment alleging indecency with a child prior to trial? We will answer this question "yes," but we will affirm the judgment.

### PROCEDURAL FACTS

On September 4, 1996, Hicks was indicted for the offenses of sexual assault of a child (count one) and indecency with a child (count two). TEX. PEN.CODE ANN. §§ 21.11(a), 22.011(a)(2) (Vernon 1994 & Supp.1999). On October 2, 1997, the court entered an order dismissing count two

without prejudice.[1] On that same day, Hicks entered a plea of guilty to count one based on a plea recommendation of ten years' probation. On November 20, the court informed Hicks that the plea agreement and recommendation would not be followed and allowed Hicks to withdraw his guilty plea. The case proceeded to trial on May 18, 1998. The original indictment, containing both counts, was read to the jury without objection. The jury acquitted Hicks of sexual assault but convicted him of indecency with a child. He now contends that the conviction is void because there was no proper charging instrument on which he could be convicted of indecency with a child. We agree that the conviction cannot be based on count two of the indictment but affirm the judgment convicting Hicks of indecency with a child because it is a lesser-included offense of count one.

## DISMISSAL

Hicks asserts that, because the State waived count two of the indictment and the court dismissed it, the court did not have jurisdiction over that count. Therefore, he says, any conviction based on that count is void. The State first argues that waiver of the indecency count was part of a plea bargain which was rejected by the court, and because the plea bargain was rejected, the parties were placed in the same position as they were prior to making the plea agreement. *See Heath v. State,* 817 S.W.2d 335, 340 (Tex.Crim.App.1991); *Shannon v. State,* 708 S.W.2d 850, 852 (Tex.Crim.App.1986); *Tate v. State,* 921 S.W.2d 496, 497 (Tex.App.—Waco 1996, no pet.) (per curiam). Although we recognize that the waiver and the plea recommendation were filed on the same day, nothing in the record indicates that the waiver was a result of a plea bargain. The court's order dismissing count two of the indictment does so unconditionally.

1. The State filed a notice that it would proceed on only count one, effectively waiving its

The State next argues that Hicks waived any complaint about the court's lack of jurisdiction over count two of the indictment by entering a plea to both counts and by failing to file a motion to quash the indictment. Although defects in an indictment may be waived, the complete lack of a valid indictment is not subject to waiver. *Cook v. State,* 902 S.W.2d 471, 480 (Tex. Crim.App.1995). The dismissal resulted in the lack of a charging instrument with regard to count two. "When a trial court empowered with jurisdiction over a criminal case sustains a motion to dismiss the indictment, the person accused is, in law, discharged from the accusation against him." *Ex parte Garcia,* 927 S.W.2d 787, 789 (Tex.App.—Austin 1996, no pet.) (citing *Garcia v. Dial,* 596 S.W.2d 524, 528 (Tex.Crim.App.1980) (orig.proceeding)). After the indictment is dismissed, there is no case pending against the accused and *no jurisdiction remaining* in the dismissing court. *Id.* Therefore, the court did not have jurisdiction over count two of the indictment and a conviction based on count two is void. However, our inquiry does not end here.

Although we find that the conviction based on count two is void, we will determine if there is evidence to support the conviction for "indecency with a child" as a lesser-included offense of "sexual assault of a child," which was charged in count one. *See Cunningham v. State,* 726 S.W.2d 151, 153 (Tex.Crim.App.1987) (whether indecency with a child is a lesser-included offense of sexual assault is determined on a case by case basis).

A person commits indecency with a child if, with a child younger than 17 years and not his spouse, he:

(1) engages in sexual contact with the child; or

(2) exposes his anus or any part of his genitals, knowing the child is present,

right to count two.

with intent to arouse or gratify the sexual desire of any person.

TEX. PEN.CODE ANN. § 21.11(a). Count one of the indictment alleges that the sexual assault occurred "on or about February 24, 1994." The evidence on which the State relied at trial was limited to a single incident on that date. Evidence of other incidents was offered to show the prior relationship between Hicks and the victim, not as charged incidents.

Pam, the alleged victim, testified that Hicks, her step-grandfather, took her to school on a regular basis. She testified that on February 24, 1994, he arrived to take her to school, walked into her bedroom, took her clothes off, and forced her to have sex with him. Pam testified that this was not the first time that Hicks assaulted her.[2]

Hicks made a voluntary statement to the police. That statement was read into evidence by Detective Stuart Ervin of the Waco police department. In his statement, Hicks admitted that he had "rubbed" his penis against Pam's vagina, but stated that he "never put [his] penis inside of her vagina." He stated that he "moved back and forth on top of Pamela." Although Pam testified to "having sex" with Hicks several times, the jury chose not to convict Hicks on count one.[3]

### LESSER–INCLUDED OFFENSE

The Court of Criminal Appeals established in *Bigley v. State* that, in some circumstances, a court of appeals has the authority to reform a judgment to convict the accused of a lesser-included offense. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex.

Crim.App.1993). In a concurring opinion, Judge Baird noted that an appellate court has this authority only when the jury was authorized to convict of the lesser charge. *Id.* at 28–29 (Baird, J. concurring).

In *Bigley*, the jury was instructed on both possession of at least 400 grams of methamphetamine and possession of at least 28 grams but less than 400 grams of methamphetamine. *Id.* at 27. The jury convicted Bigley of the greater offense, but the court of appeals found no evidence to support a finding of 400 grams or more. The court reformed the judgment to show a conviction for the lesser offense. In affirming, the Court of Criminal Appeals noted that the jury had been instructed on the lesser offense and had necessarily found that Bigley possessed at least 28 grams. *Id.*

In *Limas*, the Corpus Christi Court held that, when the State failed to request an instruction on the lesser offense, jeopardy would bar reformation of the judgment. *Limas v. State*, 941 S.W.2d 198, 201 (Tex. App.—Corpus Christi 1996, pet. ref'd.) (citing *Bigley*, 865 S.W.2d at 28–29 (Baird, J., concurring)).[4] Were we to strictly follow this line of reasoning, we would have no authority to affirm the judgment as a conviction for the lesser-included offense of indecency with a child because the court failed to instruct on it *as a lesser offense.* Nevertheless, the jury was instructed on all the elements of indecency with a child and found Hicks guilty of that offense.

We will follow the rationale of *Bigley*. *Bigley*, 865 S.W.2d at 27. We recognize that the judgment already reflects a con-

**2.** There was testimony regarding a "sexual assault exam." Although revealing the fact that Pam had in fact had sexual intercourse sometime earlier, the exam did not show the presence of semen or otherwise corroborate her allegations.

**3.** The prosecutor asked Pam what she meant by "having sex." She responded, "he put his penis in my vagina."

**4.** *See also Thorpe v. State*, 831 S.W.2d 548, 552 n. 1 (Tex.App.—Austin 1992, no pet.)

("While there was evidence that appellant was guilty of the lesser included offense of possession of cocaine in an amount less that 28 grams, the trial court did not charge the jury on that offense.... Having concluded that the evidence is insufficient to support a conviction for possession of 28 grams or more of cocaine, we must enter the only other judgment authorized by the trial court's charge: acquittal.").

viction for the offense of indecency with a child. Thus, because the evidence supports the jury's finding of guilt of indecency with a child, a lesser-included offense, we affirm the judgment on the grounds that the correct judgment was rendered. Furthermore, because the jury assessed Hick's punishment for the lesser offense, we find no reason to remand for a new punishment hearing.

## OPINION ON REHEARING

James Hicks was convicted of and sentenced for indecency with a child. His appeal asserts a single issue for review: Are the conviction, judgment, and sentence void where the trial court had dismissed the count of the indictment alleging indecency with a child prior to trial? We will answer this question "yes."

## PROCEDURAL FACTS

On September 4, 1996, Hicks was indicted for the offenses of sexual assault of a child (count one) and indecency with a child (count two). TEX. PEN.CODE ANN. §§ 21.11(a), 22.011(a)(2) (Vernon 1994 & Supp.1999). On October 2, 1997, the court entered an order dismissing count two without prejudice.[1] On that same day, Hicks entered a plea of guilty to count one based on a plea recommendation of ten years' probation. On November 20, the court informed Hicks that the plea agreement and recommendation would not be followed and allowed Hicks to withdraw his guilty plea. The case proceeded to trial on May 18, 1998. The original indictment, containing both counts, was read to the jury without objection. The jury acquitted Hicks of sexual assault but convicted him of indecency with a child. He now contends that the conviction is void because there was no proper charging instrument on which he could be convicted of indecency with a child. We agree that a conviction cannot be based on count two of the indictment. In light of the Court of Criminal Appeals' recent decision in *Col-*

*lier v. State,* we also hold that we are without authority to reform the judgment to reflect a conviction for indecency with a child as a lesser-included offense of count one. Thus, we will reverse the conviction.

## DISMISSAL

■ Hicks asserts that, because the State waived count two of the indictment and the court dismissed it, the court did not have jurisdiction over that count. Therefore, he says, any conviction based on that count is void. The State first argues that waiver of the indecency count was part of a plea bargain which was rejected by the court, and because the plea bargain was rejected, the parties were placed in the same position as they were in prior to making the plea agreement. *See Heath v. State,* 817 S.W.2d 335, 340 (Tex. Crim.App.1991); *Shannon v. State,* 708 S.W.2d 850, 852 (Tex.Crim.App.1986); *Tate v. State,* 921 S.W.2d 496, 497 (Tex. App.—Waco 1996, no pet.) (per curiam). Although we recognize that the notice and the plea recommendation were filed on the same day, nothing in the record indicates that the notice was a result of a plea bargain. The court's order dismissing count two of the indictment does so unconditionally.

■ The State next argues that the court's order dismissing count two was ineffective because the indictment was not changed on its face. *See Eastep v. State,* 941 S.W.2d 130, 132 (Tex.Crim.App.1997). Although this is necessary for an amendment to the indictment to be effective, we have found no authority and the State cites none for the proposition that a count cannot be dismissed without literally striking it from the face of the indictment. The court's order effectuated the dismissal.

■ The State further asserts that Hicks waived any complaint about the court's lack of jurisdiction over count two of the indictment by entering a plea to

---

1. The State had filed a notice that it would    proceed on only count one.

both counts and by failing to file a motion to quash the indictment. Although defects in an indictment may be waived, the complete lack of a valid indictment is not subject to waiver. *Cook v. State*, 902 S.W.2d 471, 480 (Tex.Crim.App.1995). The dismissal resulted in the lack of a charging instrument with regard to count two. "When a trial court empowered with jurisdiction over a criminal case sustains a motion to dismiss the indictment, the person accused is, in law, discharged from the accusation against him." *Ex parte Garcia*, 927 S.W.2d 787, 789 (Tex.App.—Austin 1996, no pet.) (citing *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex.Crim.App.1980) (orig.proceeding)). After the indictment is dismissed, there is no case pending against the accused and *no jurisdiction remaining* in the dismissing court. *Id.* Therefore, the court did not have jurisdiction over count two of the indictment and a conviction based on count two is void.

## WAS HICKS TRIED FOR ONE OFFENSE OR TWO?

A person commits indecency with a child if, with a child younger than 17 years and not his spouse, he:

(1) engages in sexual contact with the child; or

(2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person.

TEX. PEN.CODE ANN. § 21.11(a). Count one of the indictment alleges that the sexual assault occurred "on or about February 24, 1994."

Pam, the alleged victim, testified that Hicks, her step-grandfather, took her to school on a regular basis. She testified that on February 24, 1994, he arrived to take her to school, walked into her bed-room, took her clothes off, and forced her to have sex with him. Pam testified that this was not the first time that Hicks assaulted her.[2]

Hicks made a voluntary statement to the police. That statement was read into evidence by Detective Stuart Ervin of the Waco police department. In his statement, Hicks admitted that he had "rubbed" his penis against Pam's vagina, but stated that he "never put [his] penis inside of her vagina." He stated that he "moved back and forth on top of Pamela." Although Pam testified to "having sex" with Hicks several times, the jury chose not to convict Hicks on count one.[3]

Hicks asserts that the evidence established two offenses: one testified to by Pam which she said took place on her bed and involved penetration, and another one confessed to by Hicks which he said took place on the couch and did not involve penetration. The State suggests that the evidence on which it relied at trial was limited to a single incident occurring on Pam's bed on February 24. Evidence of other incidents was, it says, offered to show the prior relationship between Hicks and the victim, not as "charged incidents." The indictment alleged that both counts one and two occurred on or about February 24.

The record shows that the State was attempting to prove two offenses. Unfortunately, statements by the prosecutors confuse the issue rather than clarify it. For example, the prosecutor told the jury in voir dire:

The defendant in this case is charged with two crimes, Sexual Assault and Indecency with a Child, and they—we have alleged that they occurred at the

---

**2.** There was testimony regarding a "sexual assault exam." Although revealing the fact that Pam had in fact had sexual intercourse sometime earlier, the exam did not show the presence of semen or otherwise corroborate her allegations.

**3.** The prosecutor asked Pam what she meant by "having sex." She responded, "he put his penis in my vagina."

same time; two separate crimes, but committed at the same time. . . .

And in final argument:

> And I'll tell you right up front, you have to reach two verdicts. There are two verdict forms. . . . Those are two separate offenses committed in the same criminal episode, and, therefore, you have to reach a verdict on each one. They can be different verdicts, they can be the same verdict, but they each stand alone by themselves.

. . .

> And, in essence, what she has told you that he penetrated includes the elements of Indecency. So, if you believe her, you're going to find him guilty of both Count One and Count Two, because Count One contains the same elements as Count Two. If you believe his version of the facts, perhaps you'd find him not guilty on Count One and you find him guilty on Count Two.

Pam, the complaining witness, testified to one incident. Through her testimony, the State also offered other incidents under article 38.37 as relevant to the previous and subsequent relationship between Hicks and Pam, including an incident similar to the one in Hicks' confession. TEX. CODE CRIM. PROC. ANN. art. 38.37 (Vernon Supp.1999). Detective Stuart Ervin testified that Hicks confessed to "rubbing" Pam on the couch.

The original indictment alleged two offenses; the State argued that Hicks could be convicted of two separate offenses; the charge authorized a conviction for two offenses. Thus, we find that Hicks was tried for two separate offenses.

### LESSER–INCLUDED OFFENSE

■ Because we have found that the court had no jurisdiction over count two, the conviction cannot stand. However, we now consider whether there is evidence to support a conviction for "indecency with a child" as a lesser-included offense of "sexu-

al assault of a child," which was charged in count one and, if so, whether we have the authority to reform the judgment to show a conviction for the lesser offense. *See Cunningham v. State,* 726 S.W.2d 151, 153 (Tex.Crim.App.1987) (whether indecency with a child is a lesser-included offense of sexual assault is determined on a case by case basis).

Regardless of whether the State intended the incident alleged by Pam or the incident confessed to by Hicks to support Count One of the indictment, the evidence is such that the jury could have chosen to believe Hicks touched Pam with intent to arouse or gratify his own sexual desire but disbelieved that penetration occurred. Thus, the evidence would have supported a verdict on the lesser offense of indecency with a child, had the jury been so instructed.

The Court of Criminal Appeals established in *Bigley v. State* that, in some circumstances, a court of appeals has the authority to reform a judgment to convict the accused of a lesser-included offense. *Bigley v. State,* 865 S.W.2d 26, 27 (Tex. Crim.App.1993). In a concurring opinion, Judge Baird noted his belief that an appellate court has this authority only when the jury was authorized to convict of the lesser charge. *Id.* at 28–29 (Baird, J. concurring).

In *Bigley,* the jury was instructed on both possession of at least 400 grams of methamphetamine and possession of at least 28 grams but less than 400 grams of methamphetamine. *Id.* at 27. The jury convicted Bigley of the greater offense, but the court of appeals found no evidence to support a finding of 400 grams or more. The court reformed the judgment to show a conviction for the lesser offense. In affirming, the Court of Criminal Appeals noted that the jury had been instructed on the lesser offense and had necessarily found that Bigley possessed at least 28 grams. *Id.*

The Court of Criminal Appeals recently confronted directly the question of a court

of appeals' authority to reform the judgment to reflect a conviction for a lesser-included offense when the jury was not instructed on the lesser offense and the State did not seek to have the jury so instructed. *Collier v. State,* 999 S.W.2d 779, 780, (Tex.Crim.App. 1999). The Court determined that we are without that authority unless the instruction for a lesser-included offense is actually given or the State requested the instruction and it was denied. *Id.* at 782.

Prior to the opinion in *Collier,* we would have determined that we had the authority to reform the judgment, based on the fact that the jury was instructed on the elements of indecency with a child and in fact found him guilty of it. Although the charge was not given to the jury *as a lesser-included offense,* the jury was instructed on all the elements of indecency with a child and found Hicks guilty of that offense.

Nevertheless, even though the evidence supports the jury's finding of guilt of indecency with a child, a lesser-included offense of the crime for which Hicks was properly indicted and tried, we cannot affirm the judgment because the jury was not charged on indecency with a child *as a lesser-included offense* of sexual assault. Thus, we grant the motion for rehearing, reverse the conviction, and vacate the judgment of the trial court. *See* Tex. R. App. P. 43.2(e).[4]

Justice GRAY dissenting.

TOM GRAY, Justice, dissenting.

Because I agree with the analysis of the original opinion, I dissent.

---

**4.** We note that count two of the indictment was dismissed without prejudice prior to the attachment of jeopardy. We express no opinion on whether Hicks could be tried for the offense alleged in count two.