Clarence Randolph BRYANT,
Appellant,

v.

The STATE of Texas, Appellee.

No. 10–01–00280–CR.

Court of Appeals of Texas,
Waco.

March 10, 2004.

its first issue, we need not address these is-    sues.

Bradley Thomas Newsom, Meridian, for appellant.

B.J. Shepherd, Bosque County Dist. Atty., Martin L. Peterson, Bosque County Asst. Dist. Atty., Meridian, for appellee.

Before Chief Justice GRAY, Justice VANCE and Justice REYNA.*

## MEMORANDUM OPINION

FELIPE REYNA, Justice.

A jury convicted Clarence Randolph Bryant of felony driving while intoxicated. Bryant pleaded true to allegations of prior

---

* This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. Justice Reyna, who took the oath of office on January 5, 2004, participated in the decision of the court.

felony convictions enhancing his punishment to that for an habitual offender. The jury assessed his punishment at sixty-five years' imprisonment. Bryant presents one issue in which he claims that the evidence is legally insufficient to support his conviction because the State failed to place in evidence the parties' stipulation that he had two prior DWI convictions.

## BACKGROUND

The indictment alleges seven prior DWI convictions. Before the reading of the indictment, Bryant stipulated in writing to the two most recent convictions (from 1991 and 1998). The State mentioned only those two prior convictions when it read the indictment. The parties made no further reference to Bryant's prior DWI convictions until closing argument.

The court's charge commenced by reiterating the allegation of the indictment (modified by virtue of the stipulation) that Bryant "had previously been convicted two times of [DWI]." The charge properly set out the law that a person commits felony DWI if he commits DWI and "has previously been convicted two times or more of [DWI]." The charge provided the following instructions to the jury regarding the stipulation:

> The defendant has stipulated before the Court that he previously was convicted two times of the offense of driving while intoxicated, to wit: on October 2, 1991 in Cause No. 20632 in the County Court at Law of Wichita County, Texas; and on December 22, 1998 in Cause no. 6454F in the County Court at Law of Wichita County and you are instructed to find that the defendant has been previously convicted of those offenses.

> With respect to the stipulation concerning the defendant's having been two

times previously convicted of being intoxicated while operating a motor vehicle in a public place, you are instructed that such evidence cannot be considered by you as in any manner proving or tending to prove that the defendant was intoxicated while driving or operating a motor vehicle in a public place on or about March 1, 2001.

The State briefly mentioned the prior convictions in its opening argument:

> Ladies and Gentlemen of the jury, all of what the Judge has read you boils down to really a fairly simple question, do you find from the evidence that Clarence Randolph Bryant, a person who has previously been convicted two times of driving while intoxicated [defense objection [1] overruled] was intoxicated while operating a motor vehicle....

Bryant's counsel briefly responded to this argument by reminding the jurors that the court had instructed them not to consider the prior convictions in deciding whether Bryant was intoxicated on the occasion in question. The parties made no further reference to the prior convictions during the guilt-innocence phase.

## LEGAL SUFFICIENCY

Bryant contends in his sole issue that the evidence is legally insufficient to support his conviction because the State failed to place the stipulation in evidence. The State responds that: (1) the prior convictions are not elements of the offense which must be proven at guilt-innocence beyond a reasonable doubt; (2) the stipulation satisfied the State's burden of proof regardless of whether it was formally admitted in evidence; and (3) Bryant invited the error of which he now complains.

---

1. Bryant objected that the jury was not to give any consideration to his prior convictions in

determining whether he was driving while intoxicated on the occasion in question.

■ We measure the sufficiency of the evidence under a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997); *Price v. State*, 35 S.W.3d 136, 139 (Tex.App.-Waco 2000, pet. ref'd). According to *Malik*, a hypothetically correct charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

Article 36.14 establishes that the "law" which the hypothetically correct charge must "accurately set[ ] out" is the "law applicable to the case." TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp.2004). The Court of Criminal Appeals has described the court's obligation to submit the applicable law in the charge in various terms over the years:

- "Because the evidence in question was admitted for all purposes, a limiting instruction on the evidence was not 'within the law applicable to the case,' and the trial court was not required to include a limiting instruction in the charge to the jury." *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim.App.2001).

- "The law applicable to a case plainly includes laws from any source concerning which a jury instruction is necessary for resolution of the factual issues presented." *Atkinson v. State*, 923 S.W.2d 21, 27 (Tex.Crim.App. 1996), *overruled on other grounds by Motilla v. State*, 78 S.W.3d 352 (Tex. Crim.App.2002).

- "The jury charge must allow the jury to determine the defendant's guilt in light of the evidence and the law."

*Hutch v. State*, 922 S.W.2d 166, 170 (Tex.Crim.App.1996)

- The court must "prepare for a jury a proper and correct charge on the law, and the law as may be applied to the facts adduced." *Doyle v. State*, 631 S.W.2d 732, 738 (Tex.Crim.App. [Panel Op.] 1980).

- "The parties may make strategic decisions whether to present evidence, and the evidence will determine what law must be applied. To that extent the adversaries' decisions affect the court's charge." *Posey v. State*, 966 S.W.2d 57, 69 (Tex.Crim.App.1998) (Womack, J., concurring).

■ From these cases, we conclude that an accurate statement of the law applicable to the case properly states: (1) the legal provisions under which the accused is being prosecuted (*e.g.*, pertinent provision of penal code); *see e.g. Drew v. State*, 76 S.W.3d 436, 455 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd); (2) the legal principles which govern criminal trials in general (*e.g.*, burden of proof, presumption of innocence); *see e.g. Victor v. Neb.*, 511 U.S. 1, 5, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994); (3) the legal theories presented at trial on which an instruction is necessary or proper (*e.g.*, the law of parties, defenses); *see e.g. Mendoza v. State*, 88 S.W.3d 236, 239 (Tex.Crim.App.2002); and (4) evidentiary instructions which are necessary or proper based on evidence actually offered and admitted in evidence (*e.g.*, evidentiary presumptions); *see e.g.* TEX. PEN.CODE ANN. § 2.05(2) (Vernon 2003); *Anderson v. State*, 11 S.W.3d 369, 373–74 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).[2]

■ Here, the court's charge did not accurately state the law applicable to the case insofar as it instructed the jury re-

---

2. This list is not necessarily exhaustive.

garding a stipulation which was never placed in evidence. A hypothetically correct jury charge in a felony DWI would have instructed the jury that it must find that Bryant had been previously convicted two or more times of DWI. However, a hypothetically correct charge *based on the evidence presented at trial* would not have instructed the jury regarding a stipulation to the prior convictions because the stipulation was never offered or admitted in evidence. *Cf. Hammock,* 46 S.W.3d at 895 (because challenged evidence was admitted without limitation, trial court was not required to give limiting instruction in charge).

▇▇▇▇ Notwithstanding the State's argument, the prior convictions are elements of the offense of felony DWI which the State must prove beyond a reasonable doubt.[3] *Weaver v. State,* 87 S.W.3d 557, 560 (Tex.Crim.App.2002); *Gibson v. State,* 995 S.W.2d 693, 696 (Tex.Crim.App.1999). The State can satisfy this obligation at trial either by offering in evidence certified copies of the judgments or a stipulation. *See Robles v. State,* 85 S.W.3d 211, 212 (Tex.Crim.App.2002).

The State argues that the written stipulation which appears in the clerk's record satisfied its burden of proof regardless of whether the stipulation was admitted in evidence. We disagree. Two Texas appellate courts have concluded that the State "should" introduce the stipulation in evidence. *State v. McGuffey,* 69 S.W.3d 654, 657 (Tex.App.-Tyler 2002, no pet.); *Orona v. State,* 52 S.W.3d 242, 249 (Tex. App.-El Paso 2001, no pet.). The Fort Worth Court held that the State cannot admit the stipulation in evidence. *Hollen v. State,* 87 S.W.3d 151, 157 (Tex.App.-Fort

Worth 2002), *reversed,* 117 S.W.3d 798 (Tex.Crim.App.2003).

However, the Court of Criminal Appeals reversed the decision of the Fort Worth Court in *Hollen.* In so doing, the Court held that the State "may" admit the stipulation in evidence. *Hollen,* 117 S.W.3d at 799. The Court noted in *Hollen* that its prior decisions "*suggest* that the jury *should* be informed of the stipulation, as the two prior convictions are elements of the offense that must be proven to the factfinder—in this case the jury—to establish the offense of felony DWI." *Id.* at 802 (emphases added). However, the Court of Criminal Appeals has never plainly stated that the State *must* offer the stipulation in evidence to prove its case. *Cf. Hernandez v. State,* 109 S.W.3d 491, 495 (Tex.Crim. App.2003) ("The appellant's stipulation would have placed the prior convictions into evidence, making the jury aware of their existence. This would have satisfied the evidentiary requirements regarding stipulations while avoiding the unfair prejudice that would accompany further mention of the convictions."); *Robles,* 85 S.W.3d at 212 ("The stipulation would have diminished the probative value of the [judgments], however, because the same information would have been admitted in an alternate form.").

▇▇▇▇ "The elements of an offense must be charged in the indictment, submitted to the jury, *and proven by the State beyond a reasonable doubt.*" *Weaver,* 87 S.W.3d at 560 (emphasis added). "The prior intoxication-related offenses are elements of the offense of [felony] driving while intoxicated." *Id.* (quoting *Gibson,* 995 S.W.2d at 696). Because the prior convictions are elements of the offense of felony DWI, we hold that, in a case in which the parties

---

**3.** We do not have the luxury of disagreeing, as the State does, with the decisions of the Court of Criminal Appeals. *See Horton v. State,* 986

S.W.2d 297, 300 (Tex.App.-Waco 1997, no pet.).

have made a *Tamez* stipulation, the State must offer the stipulation in evidence during the guilt-innocence phase to prove the prior convictions. In this case, the State simply failed to offer any evidence to satisfy its burden of proving beyond a reasonable doubt that Bryant had two prior DWI convictions.[4]

The State claims that Bryant should be estopped to complain of this failure of proof because he invited it. The State relies on the decision of the El Paso Court of Appeals in *Orona* to support this contention. In *Orona,* the defendant stipulated to two prior DWI convictions then objected to the admission of the stipulation before the jury. The stipulation and the judgments of conviction were admitted in evidence outside the presence of the jury. The court's charge instructed the jury that the defendant had stipulated to two prior convictions and that "the court ha[d] so found." *Id.* at 246 & n. 1.

The defendant in *Orona* objected on appeal that the court erred in charging the jury in this manner because it was for the jury to determine whether he had been previously convicted as alleged. *Id.* at 248. The court rejected this complaint because it determined that he had invited the error by objecting to the admission of the stipulation in evidence before the jury. *Id.* at 248–49.

◼ Bryant's case varies from *Orona* in at least one critically important respect: Bryant did not object to the introduction of the stipulation in evidence before the jury. He could not because the State never offered it in evidence. Accordingly, we hold that he is not estopped from challenging the sufficiency of the evidence to support his conviction.

◼ In reviewing a claim of legal insufficiency, we view the evidence in a light most favorable to the verdict and determine whether any rational trier of fact could have found the essential element beyond a reasonable doubt. *Lacour v. State,* 8 S.W.3d 670, 671 (Tex.Crim.App. 2000) (citing *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979)). We resolve any inconsistencies in the evidence in favor of the verdict. *Matson v. State,* 819 S.W.2d 839, 843 (Tex.Crim.App.1991).

Even viewed in a light most favorable to the verdict, no rational trier of fact could find from the *evidence* presented that Bryant had two prior DWI convictions. Accordingly, the evidence is legally insufficient. Thus, we conclude that Bryant's sole issue is meritorious.

◼ Upon a finding that the evidence is legally insufficient to support a conviction, the appropriate disposition is usually a reversal of the judgment of conviction and rendition of a judgment of acquittal. *Clewis v. State,* 922 S.W.2d 126, 133 (Tex. Crim.App.1996); *Jones v. State,* 945 S.W.2d 852, 854 (Tex.App.-Waco 1997), *aff'd,* 979 S.W.2d 652 (Tex.Crim.App.1998). However, we may instead modify the judgment to reflect a conviction for a lesser-included offense if: (1) the jury was charged on the lesser offense; or (2) a party requested a charge on the lesser offense which the trial court denied. *Collier v. State,* 999 S.W.2d 779, 782 (Tex. Crim.App.1999); *Logan v. State,* 48 S.W.3d 296, 307 (Tex.App.-Texarkana 2001), *aff'd,* 89 S.W.3d 619 (Tex.Crim.App.

---

4. The fact that the State proved up the prior convictions at punishment is of no moment. *See Barfield v. State,* 63 S.W.3d 446, 450 (Tex. Crim.App.2001) (In a bifurcated trial on a plea of not guilty, "our consideration of the evidence is necessarily limited to that evidence before the jury at the time it rendered its verdict of guilt.") (quoting *Munoz v. State,* 853 S.W.2d 558, 560 (Tex.Crim.App.1993)).

2002); *Hicks v. State,* 999 S.W.2d 417, 424 (Tex.App.-Waco 1999, pet. ref'd).

▮▮▮ Misdemeanor DWI is a lesser-included offense of felony DWI. *See Mosqueda v. State,* 936 S.W.2d 714, 717 (Tex. App.-Fort Worth 1996, no pet.). However, the court did not charge the jury on this lesser offense and neither side requested such a charge. Thus, we cannot modify the judgment to reflect a conviction for the lesser-included offense of misdemeanor DWI. *See Collier,* 999 S.W.2d at 782; *Logan,* 48 S.W.3d at 307; *Hicks,* 999 S.W.2d at 424.

Accordingly, we reverse the judgment and render a judgment of acquittal.

Chief Justice GRAY dissenting.

TOM GRAY Chief Justice, dissenting.

Sometimes we do not see what is obvious. At other times, we see only what people tell us is there. There is an old adage: when something is obvious but overlooked, "It is hard to see the forest for the trees." Likewise, if you stand blindfolded in the middle of a pasture and everyone around you, who is not blindfolded, tells you that all they see are trees, you will not see that there are no trees. That is, you will not see there are no trees until you take off the blindfold.

We are in the middle of a case, and everyone is saying *"Tamez." Tamez v. State,* 11 S.W.3d 198 (Tex.Crim.App.2000). It is time to take off the blindfold. There is no *Tamez.*

This case is not about the forest of *Tamez* at all. But to see this, we must step away from *Tamez,* step away from *Hollen*[1], step away from *Robles*[2], and even

step away from *Old Chief*[3]. "What we've got here is . . . [a] failure to communicate." *Cool Hand Luke* (Warner Studios 1967) (motion picture).

*Old Chief* and the entirety of its Texas progeny do not directly relate to what happened to Bryant. In *Old Chief, Tamez,* etc., the defendant wanted something that he did not get. In *Old Chief,* the defendant wanted to keep the prosecutor from introducing the judgment regarding an extraneous offense. The extraneous offense made the possession of a firearm illegal for him. Old Chief wanted to stipulate that he had previously been convicted of a felony offense. He did not want the jury to know that it was for a fight, and that the fight involved a gun. Facts the jury would know if the judgment from the earlier conviction was admitted into evidence.

Old Chief did not get what he wanted from the trial court. Ultimately, the United States Supreme Court held Old Chief's offer to stipulate should have been accepted and the judgment should not have been admitted into evidence because, given Old Chief's stipulation of the element, the judgment's probative value was substantially outweighed by the danger of unfair prejudice. This was purely an analysis of an evidentiary rule; Federal Rule of Evidence 403. Under appropriate circumstances, defendants are now permitted to substitute a stipulation for the government's ability to introduce the judgment.

Tamez likewise wanted to stipulate. Despite his offer to stipulate to two prior DWI convictions, an indictment alleging six prior DWI convictions was read to the

---

**1.** *Hollen v. State,* 117 S.W.3d 798 (Tex.Crim. App.2003).

**2.** *Robles v. State,* 85 S.W.3d 211 (Tex.Crim. App.2002).

**3.** *Old Chief v. U.S.,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

jury and the judgments of all six convictions were introduced into evidence. *Tamez*, 11 S.W.3d at 199. The Court of Criminal Appeals held that if a defendant offers to stipulate to the two prior convictions necessary to confer jurisdiction, convictions other than the two needed for the jurisdictional element should not be read or proven during the State's case-in-chief. *Id.* at 202–203.

The problem in these stipulation cases quickly gravitated to whether the stipulation of prior offenses was itself admissible. The defendants consistently wanted to keep the stipulation out, and the prosecutors wanted it admitted into evidence before the factfinder. Finally that issue has been put to rest. The State *may* introduce the stipulation into evidence to prove the jurisdictional element of two prior DWI related convictions. *Hollen v. State*, 117 S.W.3d 798, 802 (Tex.Crim.App.2003).

Bryant's case also involves a stipulation regarding prior DWI convictions. So why is this case not controlled by *Old Chief*, *Tamez*, and their progeny? Because in this case, unlike the other cases, Bryant got what he wanted. The stipulation regarding prior convictions was not discussed in front of the jury, just as he wanted. It was not even admitted into evidence in the jury's presence, just as he wanted. So what is the effect of the stipulation? It was clearly made. It was clearly accepted by the State. It was clearly presented to the trial court. It was clearly placed before the jury. The stipulation was before the jury in the form of an instruction in the charge. Possibly the manner of its inclusion in the charge may have been improper, but Bryant does not complain about that. It may be that the instruction to find that element against Bryant was improper, but Bryant does not complain about that. Bryant received everything he asked for, except an acquittal.

Now he is getting his acquittal from this Court.

This case takes us squarely into the grounds plowed by Justice O'Connor in her dissenting opinion in *Old Chief*. *Old Chief v. U.S.*, 519 U.S. 172, 192–201, 117 S.Ct. 644, 656–660, 136 L.Ed.2d 574 (1997). Each new rule that makes such a pervasive change impacts the law like a rock thrown into a pond. The rock causes ripples in ever expanding circles. The first major ripple, actually more of a wave, became whether a stipulation of prior offenses by the defendant could be introduced into evidence by the State. While *Tamez* is the Texas case that told the State the courts will follow *Old Chief*, remember it was just an evidentiary rule, *Hollen* is the case that finally answered the question of whether the State could introduce the stipulation. *See Hollen v. State*, 117 S.W.3d 798 (Tex.Crim.App. 2003).

We now must deal with another ripple caused by *Old Chief* and *Tamez*. The specific issue is what happens if the defendant's stipulation is accepted by the State as a partial plea and the jury is so charged. While a partial plea cannot be compelled upon the State, can it be accepted by the State because that is what the defendant wanted. In this case, that is what Bryant requested. That is what he got. And now he wants to complain on appeal that the State failed to prove its case when he stipulated to the very element he complains the State failed to prove.

You see, what we have is the other side of the *Old Chief* coin. We have the very issue raised by the dissent in *Old Chief* and to which the Court offered no guidance; that is, when the defendant successfully excludes the stipulation of an element of the offense from evidence, what has actually happened? Has the defendant

pled guilty to an element of an offense? Can a defendant do that in Texas? Is it constitutionally permissible? Must the jury be advised of the stipulation? If so, how? Can the trial court give an instructed verdict on an element like the trial court does on guilt/innocence when only punishment is going to the jury?

Or is this something that relieves the prosecutor of admitting evidence of an element? After all, it is said that a stipulation *is* evidence. *Hollen,* 117 S.W.3d at 802. The jury only has to be informed of the contents of the stipulation. *Old Chief,* 519 U.S. at 191, 117 S.Ct. 644. Must the stipulation actually be introduced into evidence or must the jury only be advised of it? We know that the stipulation *can* be introduced into evidence, but the question now is *must* it be admitted as evidence in the presence of the jury. If the jury can be advised of it, without it being formally introduced into evidence, and the jury is informed in the charge of the contents of the stipulation, why would it have to be introduced into evidence? If the stipulation is of an element of the offense, can the jury be instructed regarding the effect of the stipulation? Can the jury be instructed to accept the stipulation?[4] If the jury cannot be instructed about the effect of the stipulation, or about a finding of the element, but the charge nevertheless does so inform or instruct, is that charge error or is it a failure of proof? Is this a waiver of a jury trial on an element of the offense?

This case brings me to an observation. An observation that occurred to me as I was reading Justice O'Connor's dissenting opinion (which was joined by three other Justices, including Chief Justice Rehn-

quist) wherein she reminded the reader that the jury is presumed to follow their instructions. *Old Chief,* 519 U.S. at 196, 117 S.Ct. 644 (O'Connor, J., dissenting)(citing *Shannon v. United States,* 512 U.S. 573, 585 114 S.Ct. 2419, 2427, 129 L.Ed.2d 459 (1994)). When a majority of the United States Supreme Court has accepted the notion that a jury cannot, will not, or may not follow the charge, we have been forced into a quagmire of epic proportion. The two areas that immediately come to mind are *Old Chief* stipulations, because, according to the Court, the jury cannot be trusted to limit the use of the evidence of other convictions only to the finding of the elements related to prior offenses and not as improper propensity evidence, and *Sansone/Royster/Rousseau*[5] instructions on lesser included offenses, because, according to the Court, the jury cannot be trusted to acquit on the greater charge if the government fails to prove its case and the lesser offense is not included in the charge; the argument being that the jury simply convicts on the greater, but unproven, charge rather than acquit.

As intermediate state appellate courts, we have to deal with the inevitable ripple effects of this rejection of one of the most fundamental tenants of our jury system. Our judicial system is based upon the fundamental belief that juries are able to make the tough calls regarding determining disputed issues of fact and, in doing this, they follow the instructions of the court. When the foundation for this belief is rejected by a new rule, without giving any guidance as to the scope of the rule, we, the courts at this level and especially the trial courts, are forced to flail around in the dark until a sufficient number of

---

4. This is not done in Federal practice. *See Old Chief,* 519 U.S. at 200, 117 S.Ct. 644 (O'Connor, J., dissenting).

5. *Sansone v. United States,* 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); *Royster v. State,* 622 S.W.2d 442 (Tex.Crim.App.1981); *Rousseau v. State,* 855 S.W.2d 666 (Tex.Crim. App.1993).

cases are tried, giving rise to a variety of fact patterns and appeals, before the scope of the new rule is fully understood.

It is not my job to second guess the United States Supreme Court's rejection of the belief in the jury system. And I do not shy away from the tough cases which determine the scope of a new rule. But Bryant should not be allowed to escape punishment for the offense as we develop the scope of the new rule. He asked for something. He got it. Now he complains that what he got resulted in a failure of the State to prove him guilty. How could that lead to his acquittal? There may be error in directing a verdict on an element based upon a stipulation, but the jury was informed of the stipulation. And as a substitute for evidence, it should not have to be introduced into evidence because, contrary to Bryant's assertions in this issue, the jury was informed of the stipulation's contents.

The jury found Bryant guilty of the offense. I would overrule his specific complaint and affirm the conviction. Because the Court does not, I respectfully dissent.