## TEXAS EMPLOYERS' INS. ASS'N v. WRIGHT et al. (No. 868–4968.)

Commission of Appeals of Texas, Section B. March 28, 1928.

**1. Courts** &#8258;23—**Though jurisdiction may not be conferred by agreement where it depends on facts pleaded, parties may stipulate that facts exist.**

Though jurisdiction cannot be conferred by agreement of parties, where jurisdiction is dependent upon facts pleaded, parties may stipulate that such facts exist, and thereby show jurisdiction.

**2. Master and servant** &#8258;417(5)—**Stipulation showing jurisdiction held sufficient proof on appeal of insurer suing to set aside compensation award that notice of injury and claim for compensation were filed within statutory time (Rev. St. 1925, art. 8307, § 4a).**

Where, in suit by insurer to set aside compensation award, it was stipulated that within statutory time insurer perfected its appeal to district court and that cause is properly before such court for hearing, it was a sufficient predicate as an allegation of jurisdiction, and dispenses with proof of alleged jurisdictional facts showing that notice of injury and claim for compensation were filed within time required by Rev. St. 1925, art. 8307, § 4a.

**3. Trial** &#8258;351(2)—**Issue as to lump sum payment to compensation claimant, not having been submitted to jury, was waived by claimant.**

Where, in employee's suit under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), for compensation for injuries, there was a jury trial and cause was submitted on special issue, but issue of right to lump sum payment was not submitted nor requested by either party to be submitted, *held* that it was waived by plaintiff, and trial court had no authority to render judgment for lump sum upon the hearing for judgment after jury had been discharged.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit to set aside an award of compensation by the Texas Employers' Insurance Association, insurer, against W. E. Wright, employee, and another. Judgment for defendants was affirmed by the Court of Civil Appeals (297 S. W. 764), and the insurer brings error. Judgments of district court and Court of Civil Appeals reformed, and, as reformed, affirmed.

Lawther, Pope, Leachman & Lawther and Neth L. Leachman, all of Dallas, for plaintiff in error.

J. H. Randell, of Denison, for defendants in error.

SPEER, J. The defendant in error secured an award before the Industrial Accident Board for injuries received, and upon appeal by the association to the district court of Grayson county, the claimant again recovered, and, upon appeal to the Court of Civil Appeals, this judgment was affirmed. 297 S. W. 764.

The question presented to us, though urged in different forms, is fairly stated in plaintiff in error's proposition as follows:

"In a suit to set aside an award of the Industrial Accident Board under the Employers' Liability Act it is necessary for the party claiming compensation to allege and prove that claim for compensation for injury in the course of the employee's employment was given to the Industrial Accident Board and the insurer within six months after the happening thereof; and failure so to do is jurisdictional and defeats said cause."

The statute upon which this proposition is predicated provides:

"Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of death of the employé, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity. For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board." Rev. Civ. Stat. 1925, art. 8307, § 4a.

As corollary to the proposition announced, it is further asserted that "jurisdictional allegations are an integral and necessary part of the case, without which there is no cause of action"; upon the face of the proceeding the question of jurisdiction of the subject-matter arises without objection by either party. Such want of jurisdiction of the subject-matter cannot be waived by the parties nor disregarded by the court; "no presumptions or intendments will be indulged in to give a court jurisdiction, especially so in a proper statutory proceeding where all the statutory provisions are mandatory and exclusive."

While these corollary propositions are accurate statements of the law, and while plaintiff in error's major proposition may for the decision be assumed to be correct, we think the assignments presenting alleged error should be overruled, because there is in the record the following stipulation:

"It is agreed between the parties to this suit that this matter was presented under the statute to the Industrial Accident Board, and that within the statutory time the insurance association perfected its appeal to this court, and this cause is now properly before this court for hearing."

&#8258;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1, 2] While it is true that jurisdiction cannot be conferred by agreement of the parties, it is nevertheless equally true that where jurisdiction is dependent upon facts pleaded the parties may stipulate that such facts exist and thereby show jurisdiction. The evident purpose of the agreement quoted was to show jurisdiction in the district court over the case then pending before it. The stipulation is a sufficient predicate as an allegation of jurisdiction, and necessarily dispenses with the proof of the facts upon which jurisdiction rested if such proof should be held to be essential. We think the agreement is conclusive upon all issue of facts necessary to confer full jurisdiction upon the district court. It includes not only the ground of due appeal within statutory time, but every other ground or fact necessary to confer jurisdiction upon the district court. This being true, it is unnecessary for us to discuss the proposition relied upon independent of the agreement quoted.

[3] It is next complained that it was error to permit the claimant, over the association's objection, to reproduce evidence as to a lump sum upon the hearing for judgment on July 19, 1926, "forty days after the trial of the cause before a jury," and after the jury had been discharged. The propositions asserted under this assignment are to the effect, first, that in order to authorize a lump sum settlement it is necessary for the claimant to allege and prove that his is a "special case," and that "manifest hardship and injustice would otherwise result" unless such lump settlement is awarded; second, that the association was entitled to a determination of this matter by the jury; and others which, however, we think are embraced in the two propositions stated.

We must sustain the assignment complaining of this action of the trial court. There was a jury trial, and the cause was submitted upon special issues. The issue of the right to a lump sum payment was not submitted, nor was it requested by either party to be submitted. Being as it was an independent issue not submitted nor requested to be submitted in whole or in part, it was waived by the plaintiff, and the trial court had no authority to render judgment thereupon for the complainant. Ormsby v. Ratcliffe (Tex. Sup.) 1 S. W. (2d) 1084; Bulin v. Smith (Tex. Com. App.) 1 S. W. (2d) 591.

We recommend that the judgments of the trial court and of the Court of Civil Appeals wherein defendants in error recovered judgment for the payment of a lump sum be reversed, and that the judgment of the trial court in favor of defendant W. E. Wright against the Texas Employers' Insurance Association for the sum of $7 per week for 401 weeks beginning May 1, 1925, and in favor of J. H. Randell, attorney representing W. E.

Wright, for one-third of said recovery, and of the Court of Civil Appeals affirming the judgment of the trial court, be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reformed so as to allow defendants in error and their attorney the weekly payments as specified in the opinion of the Commission of Appeals, and, as reformed, said judgments are affirmed.