Deborah Kay BAKER, Appellant,

v.

The STATE of Texas, State.

No. 2–00–234–CR.

Court of Appeals of Texas,
Fort Worth.

June 28, 2001.

Rehearing Overruled July 26, 2001.

---

Dorie Glickman, Office of Public Defender, Wichita Falls, for Appellant.

Barry L. Macha, Crim. Dist. Atty., John W. Brasher and Hillary S. Netardus, Asst. Crim. Dist. Attys., Wichita Falls, for State.

Panel F: HOLMAN, GARDNER, and WALKER, JJ.

## OPINION

HOLMAN, Justice.

### I. INTRODUCTION

Appellant Deborah Kay Baker appeals a jury conviction for her third driving-while-intoxicated (DWI) offense. The trial court assessed punishment at seven years' imprisonment and a $1,000 fine. Appellant first contends that the trial court erred in admitting into evidence her two prior DWI judgments of conviction because she had stipulated to the convictions for jurisdictional purposes. Appellant further contends that the trial court erred in denying her mistrial motion based on an alleged violation of a trial court suppression order. We reverse and remand.

### II. FACTUAL BACKGROUND

On May 12, 1998, Scott Higgins, a Wichita Falls police officer, made a traffic stop after observing a vehicle traveling in excess of the posted speed limit, changing lanes without a signal, and having only one operable brake light. Approaching the driver's side of the vehicle, Higgins noticed that appellant, the driver, had bloodshot eyes, slurred speech, and the smell of alcohol. Higgins testified that he gave appellant various field sobriety tests, both physical and verbal, and that she failed each except for a test requiring recitation of the alphabet. After concluding that appellant's normal mental and physical faculties were impaired, Higgins arrested her for DWI.

At the Wichita County Jail, Officer Danny Wiggins escorted appellant into the intoxilyzer room where he read a statutory warning called a DIC–24 to appellant and asked her to give a breath specimen. The warning outlined the consequences of refusing to give a specimen, which included suspension of the person's license to drive and admission of the refusal in court, as well as the consequences of a specimen being over the legal limits.

Appellant did not consent to giving a breath specimen, stating that she would rather give blood. Wiggins testified, however, that he followed his department's normal policy of not offering a blood test. He explained that breath tests are less intrusive and less expensive. The court then permitted the prosecutor to play a videotape of the intoxilyzer proceedings. In further testimony, Wiggins expressed the opinion that appellant was intoxicated that night and described appellant as uncooperative, unable to follow simple directions, and uncomplimentary in referring to the officers.

### III. ADMISSION OF PRIOR DWI JUDGMENTS

█ In a pretrial pleading, appellant agreed to stipulate to the two prior DWI convictions needed to establish the trial court's jurisdiction and elevate the charged offense to a felony. The pleading also asked the court to admonish the State to

refrain from presenting evidence during its case-in-chief of any prior DWI conviction. At the pretrial hearing, appellant again agreed to stipulate to the prior DWI convictions but objected to admission of the "actual hard-copy conviction." The court overruled the motion, but granted appellant a running objection.

At the beginning of the trial, the court admitted into evidence State's Exhibit 3, a written stipulation of the parties that appellant had been convicted of two DWI offenses as alleged in the indictment. The court also admitted State's Exhibits 1 and 2, the two prior judgments of conviction. The court then allowed the prosecutor to read the stipulation to the jury.

Both in the pretrial pleading and at the pretrial hearing, appellant cited *Tamez v. State,* 11 S.W.3d 198 (Tex.Crim.App.2000). In *Tamez,* the defendant was charged with felony DWI, and the indictment alleged that the defendant had six prior DWI convictions. The defendant offered to stipulate to two previous DWI convictions if the State would refrain from mentioning his prior convictions in any way to the jury. The trial court refused and allowed the prosecutor to read the indictment to the jury, including the six prior convictions. The State also introduced the six judgments during its case-in-chief over the defendant's objection. *Id.* at 199.

In holding that the trial court erred in not accepting the defendant's stipulation, *Tamez* relied upon *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). *Old Chief* concerned a prosecution for possession of a firearm by a felon, and the Supreme Court held that the trial court erred under Federal

Rule of Evidence 403[1] in permitting the government to offer proof of the felony of which the defendant had been convicted where the defendant chose to stipulate that he was a felon. *Id.* at 191, 117 S.Ct. at 655. *Old Chief* reasoned:

> In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available.

*Id.*

Similarly, *Tamez* reasoned:

> Thus, a defendant's stipulation to a previous conviction should suffice when it carries the same evidentiary value as the judgments of prior convictions, yet substantially lessens the likelihood that the jury will improperly focus on the previous conviction or the defendant's "bad character." Such improper focus by the jury not only violates the unfair prejudice rationale of Rule 403, it violates the basic policy of Rule 404(b). *See Mayes v. State,* 816 S.W.2d 79, 86 (Tex.Crim.App.1991) (Rule 404 ensures that a person is tried for the offense he allegedly committed, not for the type of person that he may be).
>
> . . . .
>
> ... In cases where the defendant agrees to stipulate to the two previous DWI convictions, we find that the proper balance is struck when the State reads the indictment at the beginning of trial, mentioning only the two jurisdic-

---

1. As noted in *Tamez,* Federal Rule of Evidence 403 is materially identical to Texas Rule of Evidence 403, which states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R.EVID. 403.

tional prior convictions, but is foreclosed from presenting evidence of the convictions during its case-in-chief.

*Tamez,* 11 S.W.3d at 202.

In this case, the prosecutor at the pretrial hearing argued that *Tamez* was factually distinguishable in that *Tamez* concerned six prior convictions while the indictment in this case alleged only two prior convictions. The prosecutor argued that the defendant wanted to stipulate to the two convictions alleged in the indictment, and "it's not unreasonable for the State to include the judgments with the stipulation of evidence since the information that's contained in the judgment is contained in the stipulation of evidence as well." On appeal, however, the State concedes that "the trial court erred in admitting into evidence the judgments of the jurisdictional enhancements." ˙ The State's argument on appeal is that the error was harmless.

Because appellant stipulated to the two prior DWI convictions, the danger of unfair prejudice substantially outweighed the probative value of the two judgments of conviction. The trial court thus erred in allowing the State to introduce the judgments into evidence during its case-in-chief over appellant's objection. *See id.*

## IV. HARM ANALYSIS

■ A reviewing court is to disregard a nonconstitutional error that does not affect the substantial rights of the defendant. Tex.R.App.P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim.App.1997) (citing *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). A criminal conviction should not be overturned for nonconstitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury or had but a slight effect. *Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App.1998). In *Kotteakos,* the Supreme Court explained:

[I]f one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.

*Kotteakos,* 328 U.S. at 765, 66 S.Ct. at 1248.

Upon remand for a harm analysis, the court of appeals in *Tamez* reversed and remanded the cause for a new trial. The court of appeals held that the admission of six prior DWIs negatively influenced the jury's verdict, and in doing so, affected Tamez's substantial rights. *Tamez v. State,* 48 S.W.3d 295, 296 (Tex.App.—San Antonio, 2001, no pet.). Similarly, *Smith v. State* reversed a felony DWI conviction, holding that the inadmissible character evidence of six prior DWIs had a substantial injurious effect on the jury's verdict. 12 S.W.3d 149, 152 (Tex.App.—El Paso 2000, pet. ref'd). Although both *Tamez* and *Smith* are factually distinguishable from this case in that they each involved the admission of six prior DWI convictions, we likewise conclude that reversible error occurred in this case.

First, there is evidence in this case of more than a *danger* of unfair prejudice under Rule 403. During its deliberations, the jury sent out a note specifically inquir-

ing about the two inadmissible exhibits thus indicating that the jury *actually* focused on the inadmissible judgments in addition to the stipulation.

The jury note stated: "[c]ould you please verify the previous arrest dates. Both forms say second offense dated 12–9–91. Sharon Gough–Clark." The trial court answered by stating: "[t]hat was not in evidence." The jury's inquiry about "[b]oth forms" referred to the prior DWI judgments of conviction admitted as State's Exhibits 1 and 2, and the words "second offense" are handwritten on both judgments. The jury thus focused on the fact that both judgments indicate that appellant had at least one prior DWI conviction in addition to the two that were the subject of the stipulation. Contrary to the State's argument, therefore, the judgments did add something of substance to the State's proof. It is thus likely that the improper admission of the judgments, which unfairly emphasized appellant's character, actually influenced the jury in its finding that appellant was guilty of the instant offense.

Other factors that might be considered do not cure the pervasive influence of the jury's undue focus on appellant's prior record of DWI convictions. While the prosecutor did not emphasize the improper evidence, the prosecutor in closing argument did call the jury's attention to the written stipulation, State's Exhibit 3, that expressly referred to State's Exhibits 1 and 2, the improperly admitted judgments. We note that the jury returned its verdict at 3:15 p.m., which was 11 minutes after receiving the court's answer to the note. We further note that the trial court did not give a limiting instruction that might have lessened the prejudicial effect of the jury's focus on the inadmissible evidence. Final-

ly, while the evidence of guilt, as outlined above, was strong, we do not view it as overwhelming.

Appellant was entitled to be tried for the instant offense rather than the type of person she might be. After examining the record as a whole, we are unable to say with "fair assurance" that the erroneous admission of the judgments of conviction relating to appellant's prior DWI offenses did not influence the jury or that it had but a slight effect. *See Johnson,* 967 S.W.2d at 417. Appellant's substantial rights were affected, and we sustain her first point.

## V. CONCLUSION

Having sustained appellant's first point, we reverse the judgment of conviction and remand for a new trial.[2]

---

**2.** Because of our disposition of appellant's first point, we need not address the second point alleging violation of a suppression order.