**Gary Don HOLLEN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–00–157–CR.**

Court of Appeals of Texas, Fort Worth.

June 27, 2002.

Rehearing En Banc Overruled Aug. 8, 2002.

Robert Kersey, Granbury, for Appellant.

Richard L. Hattox, District Attorney and Robert Christian, Assistant District Attorney, Granbury, for State.

PANEL F: DAY, LIVINGSTON and DAUPHINOT, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

A jury convicted Appellant Gary Don Hollen of felony driving while intoxicated (DWI), and the trial judge sentenced him to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In two issues on appeal, Appellant complains that the trial court erred in allowing the State to refer to his prior DWI convictions at trial after he and the State had stipulated in writing to the validity and finality of the two prior convictions for driving while intoxicated. We reverse and remand for a new trial.

## I. FACTS AND PROCEDURAL BACKGROUND

The DWI indictment in this case alleged that Appellant had two prior DWI convictions. Before trial, Appellant and the State joined in a written stipulation in which Appellant admitted to the validity and finality of the two previous DWI con-

victions. This stipulation was reported to the judge in open court before voir dire. It was formally accepted by the judge during the State's case-in-chief, outside the presence of the jury.

At trial, over Appellant's objections, the court allowed the State to mention the prior offenses and stipulation to the jury on several occasions—during voir dire, upon the reading of the indictment, during opening statements, in the State's case-in-chief, and during the State's closing argument. Significantly, the trial court admitted the stipulation into evidence for all purposes, even though the court had known about it before voir dire and had already accepted it outside the presence of the jury.

The trial court also directed the jury's attention to the prior offenses and the stipulation. Over Appellant's objection, the trial court instructed the jury in paragraph three of the charge:

> With respect to the evidence admitted in this case concerning the defendant's allegedly having been two times previously convicted of being intoxicated while operating a motor vehicle in a public place, if he was, you are instructed that such evidence cannot be considered by you as in any manner proving or tending to prove that the defendant was intoxicated while driving or operating a motor vehicle in a public place on or about the 25th day of May, 1999.

The trial court also detailed the two prior DWI convictions in the application paragraph.

> [A]nd if you further find from the evidence beyond a reasonable doubt that the defendant, previously thereto, had been convicted of the offense of being intoxicated while operating a motor vehicle in a public place two times as alleged as follows:

(1) On the 15th day of January, 1996, in Cause Number 14,584, in the County Court of Ochiltree County, Texas; and

(2) On the 18th of August, 1992, in Cause Number M92–01979, in the County Court at Law No. 1 of Johnson County, Texas;

then you will find the defendant guilty of the felony offense of Driving While Intoxicated Subsequent Offense, as alleged in the indictment. Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

The jury convicted Appellant of felony DWI.

## II. LEGAL ANALYSIS

In two issues, Appellant complains that the trial court erred by permitting the State to announce his two prior misdemeanor DWI convictions when reading the indictment (first issue) and to discuss the prior convictions during voir dire, opening statement, its case-in-chief, and closing argument, and by including language in the jury instructions about the two prior convictions (second issue).

As Appellant noted in his brief, the trial court allowed the State to produce evidence of the prior convictions during its case-in-chief—specifically, the stipulation itself. In *Robles* and *Tamez*, the Texas Court of Criminal Appeals held that when a defendant has offered to stipulate to prior convictions in a case where those

prior convictions are an element of the offense, the trial court errs by admitting judgments of the prior convictions.[1] Following *Tamez*, this court held the same in *Baker v. State*.[2] Although the trial court in *Baker* also admitted the stipulation into evidence and allowed the State to publish it to the jury, we did not address the propriety of that action because of our holding regarding the judgments of conviction and because that issue was not squarely before us. Now it is.

Under *Robles* and *Tamez*, we are constrained to hold that the trial court abused its discretion by admitting the stipulation into evidence and that the admission of the stipulation was harmful. We sustain Appellant's second issue on this ground. We therefore reverse this case and remand it to the trial court for a new trial. Because of our disposition on this ground, we do not reach the first issue or the other grounds complained of in the second issue.

### A. The Substantive Law

■ Section 49.09(b) of the Texas Penal Code provides that a DWI is a third-degree felony if the person has two prior DWI convictions.[3] Absent an offer by the defendant to stipulate to the two prior convictions, the State must prove the prior convictions to support prosecution.[4] But it is the *presentment* of the indictment, not the proof of the prior convictions, that vests a trial court with jurisdiction.[5]

■ In cases where the defendant agrees to stipulate to the two previous

---

1. *Robles v. State*, 85 S.W.3d 211, 214 (Tex. Crim.App.2002); *Tamez v. State*, 11 S.W.3d 198, 201 (Tex.Crim.App.2000). We of course recognize that because *Robles* is not yet final, it is not yet a part of the jurisprudence of this State. *See Yeager v. State*, 727 S.W.2d 280, 281 n. 1 (Tex.Crim.App.1987).

2. 52 S.W.3d 882, 885 (Tex.App.-Fort Worth 2001, pet. filed).

3. Tex. Penal Code Ann. § 49.09(b) (Vernon Supp.2002).

4. *Id.; Robles*, 85 S.W.3d at at 214.

5. *Robles*, 85 S.W.3d at 217 n. 7; *Tamez*, 11 S.W.3d at 201.

DWI convictions, the stipulation forestalls any jurisdictional challenge in felony district courts having no concurrent misdemeanor jurisdiction.[6] The State may therefore read the indictment at the beginning of trial, mentioning the two jurisdictional prior convictions, but the State shall not present evidence of the convictions in its case-in-chief.[7] The jurisdiction that vests upon the reading of the indictment cannot be dislodged when the defendant stipulates to the two prior convictions. We note that the Court of Criminal Appeals has not yet addressed the effect of stipulations in felony DWI cases heard in courts with concurrent misdemeanor jurisdiction, nor do we have that issue before us today.[8]

According to *Robles*,

evidence of the convictions' existence is not necessary ... because the statutory requirement has been satisfied. The admission of evidence of prior convictions is error, even though they are jurisdictional elements of the offense, because the danger of unfair prejudice from introduction of the evidence substantially outweighs its probative value.[9]

Thus *Robles* impliedly overrules *Orona v. State*, in which the Eighth Court of Appeals held that the stipulation should be introduced into evidence and published to the jury so that it can make its factual finding regarding the jurisdictional elements.[10]

 This holding by the Court of Criminal Appeals is consistent with the treatment of stipulations in civil cases as well:

"A stipulation is an agreement, admission, or [other] concession made in a judicial proceeding by the parties or their attorneys." A stipulation constitutes a binding contract between the parties and the court. In any case, the issues to be tried may be limited or excluded by stipulation. Where a stipulation limits the issues to be tried or considered by the jury, those issues are excluded from consideration. Moreover, a stipulation "obviates the need for proof on [the] litigable issue." [11]

It is particularly consistent with the treatment of stipulations to jurisdictional facts. Almost seventy-five years ago, the Texas Commission of Appeals held that a stipulation to jurisdictional facts "is a sufficient predicate as an allegation of jurisdiction, and necessarily dispenses with the proof of the facts upon which jurisdiction rested if such proof should be held to be essential." [12]

---

6. *Robles*, 85 S.W.3d at 214.

7. *Id.; Tamez*, 11 S.W.3d at 201.

8. For counties in which district courts have concurrent misdemeanor jurisdiction, *see, e.g.,* Tex. Gov't Code Ann. §§ 24.168(c), 24.187(b), 24.901(c), 24.910(c) (Vernon 1988 & Supp.2002) (Hill, Dallas, Brazos, and Tarrant respectively). *Tamez* originated in Bexar County, *Robles* originated in Harris County, and Appellant's case comes from Hood County. *Tamez*, 11 S.W.3d at 198; *Robles*, 85 S.W.3d at 213. District courts in these counties do not have concurrent misdemeanor jurisdiction. *See* Tex. Gov't Code Ann. §§ 24.007–24.920.

9. *Robles*, 85 S.W.3d at 214 (footnote omitted).

10. 52 S.W.3d 242, 249 (Tex.App.-El Paso 2001, no pet.).

11. *Rosenboom Mach. & Tool, Inc. v. Machala*, 995 S.W.2d 817, 821–22 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (citations omitted) (quoting *Hansen v. Acad. Corp.*, 961 S.W.2d 329, 335 (Tex.App.-Houston [1st Dist.] 1997, writ denied) and *Fed. Lanes, Inc. v. City of Houston*, 905 S.W.2d 686, 689 (Tex.App.-Houston [1st Dist.] 1995, writ denied)).

12. *Tex. Employers' Ins. Ass'n v. Wright*, 4 S.W.2d 31, 32 (Tex.Comm.App.1928, judgm't adopted as reformed); *see Boulte v. State*, 170 Tex.Crim. 453, 341 S.W.2d 936, 937–38 (1960).

Under *Tamez, Robles,* and well-established case law in Texas, the pleading of jurisdictional elements coupled with a defendant's stipulation to the jurisdictional elements is sufficient pleading and proof to establish the trial court's jurisdiction.[13] No further proof is necessary.[14]

In *Robles,* the defendant stipulated to two prior DWI convictions in a motion to suppress. He also requested that the trial court block any attempt by the State to introduce evidence of the nature of his prior offenses at trial. The trial court denied his request, so he pled guilty instead of going to trial. On appeal, the Fourteenth Court of Appeals reversed the conviction, holding that while *Tamez* does allow the State to read the indictment, including the portion concerning the prior convictions, it prohibits the introduction of evidence of the prior convictions in the State's case-in-chief.[15]

On the State's petition for review, the Texas Court of Criminal Appeals affirmed.[16] The Court of Criminal Appeals held that whether the State seeks to introduce evidence of just the two prior convictions named in the indictment or of many prior convictions is not controlling.[17] Rather, it explained, the analysis turns on rule 403 of the Texas Rules of Evidence.[18] Rule 403 excludes relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice.[19] Thus,

rule 403 requires that the relative probative value of prior-conviction evidence be balanced against the risk of its prejudicial misuse.[20] The Court of Criminal Appeals pointed out that if Robles had not stipulated, the judgments that the State wanted to introduce would have been relevant because the prior convictions would have been at issue.[21] The offer to stipulate made the existence of the prior convictions a non-issue.[22]

Further, the Court of Criminal Appeals concluded that the risk of unfair prejudice was high because the judgments contained more information than just the existence of the convictions; a jury who saw them could deduce that Robles had had four prior alcohol-related convictions and that he had not served the entire sentence for the fourth conviction.[23] The Court of Criminal Appeals held, "That kind of evidence is prejudicial and possesses no probative value." [24] It explained,

> The policy, embodied in Rule 404(b) and the bifurcated trial procedure ... addresses our concern that conviction not be based on the assumption that the accused is a criminal generally or that he is a person of bad character.
>
> We undermine the efficacy of these safeguards if we allow the admission of judgments when the accused offers to stipulate to the required convictions' ex-

---

**13.** *Robles,* op. at 214; *Tamez,* 11 S.W.3d at 201; *Tex. Employers' Ins. Ass'n,* 4 S.W.2d at 32.

**14.** *Robles,* op. at 214; *Tamez,* 11 S.W.3d at 201; *Tex. Employers' Ins. Ass'n,* 4 S.W.2d at 32.

**15.** *Robles v. State,* 20 S.W.3d 162, 164 (Tex. App.-Houston [14th Dist.] 2000), *aff'd,* 85 S.W.3d 211 (Tex.Crim.App.2002); *Tamez,* 11 S.W.3d at 202.

**16.** *Robles,* 85 S.W.3d at 214.

**17.** *Id.*

**18.** *Id.,* at 213.

**19.** Tex.R. Evid. 403; *Robles,* op. at 212 n. 3.

**20.** Tex.R. Evid. 403; *Robles,* 85 S.W.3d at 213.

**21.** *Robles,* 85 S.W.3d at 213.

**22.** *Id.*

**23.** *Id.*

**24.** *Id.*

istence, and we enable the State to do what we prohibited in *Tamez:* tell the jury that the accused has many prior alcohol-related convictions. When the accused offers to stipulate that the jurisdictional convictions exist, the probative value of evidence of the same convictions is substantially outweighed by the danger of unfair prejudice.[25]

**B. Application of the Law to the Facts**

■ Appellant not only offered to stipulate, he did stipulate prior to voir dire and the trial court was aware of the stipulation. Therefore, evidence about the two prior offenses was redundant.[26] The statutory mandate had already been met; the prior offenses were not at issue.[27] Under *Robles* and *Tamez*, we are therefore constrained to hold that the admission of the stipulation into evidence was error.[28]

**C. Harm Analysis**

**1. The Standard: The Error's Effect on Substantial Rights**

■ Texas Rule of Evidence 103(a) provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected."[29] Thus the standard of review for harm analysis when evidence is improperly admitted is the same as that for error under Texas Rule of Appellate Procedure 44.2(b).[30] A substantial right is affected when the error had a substantial and injurious effect or influence on the

jury's verdict.[31] In *Kotteakos*, the Supreme Court explained:

[I]f one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.[32]

**2. Application of the Law to the Facts**

Like the judgments in *Tamez* and *Robles*, Appellant's stipulation contained more information than the mere existence of the convictions:

- It included the descriptions of the prior DWI convictions as misdemeanors.

- It included the cause numbers, courts, counties, and dates.

- Appellant stipulated that the two convictions were valid and final DWI convictions.

- He also waived all rights to challenge the validity or finality of the two DWI convictions both for purposes of trial and possible appeal.

---

25. *Id.,* at 213.

26. *See id.*

27. *See id.*

28. *Id.,* at 214; *Tamez,* 11 S.W.3d at 201.

29. Tex.R. Evid. 103(a).

30. Tex.R.App. P. 44.2(b); *Potier v. State,* 68 S.W.3d 657, 666 (Tex.Crim.App.2002).

31. *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim.App.1997) (citing *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)); *Baker,* 52 S.W.3d at 885; *Coggeshall v. State,* 961 S.W.2d 639, 643 (Tex.App.-Fort Worth 1998, pet. ref'd) (en banc).

32. *Kotteakos,* 328 U.S. at 765, 66 S.Ct. at 1248.

- He recognized that he was foreclosed from presenting any evidence of the prior convictions to the jury.
- He recognized the State's right to read the indictment before the jury one time.
- The stipulation stated Appellant's objections to the State's reading the portion of the indictment dealing with the prior DWIs and expressed his intent to preserve the issues for appellate review.

The phrase "DWI convictions" or "prior convictions" appears six times in the stipulation.

Not only did the written stipulation come in to evidence before the jury, but the State also announced before the jury,

And for the record, Your Honor, I'd just like the record to reflect that this was a stipulation that the two previous convictions for driving while intoxicated that were alleged in the indictment are stipulated to as being true and correct and that they were final prior to the commission of the offense for which the defendant is on trial.

THE COURT: The record will so reflect that.

A jury who read the stipulation could deduce that Appellant was guilty of the instant offense because he was already contemplating appeal. Similarly, the mere repetition of the fact that the stipulation and prior offenses existed served to focus the jury's attention on Appellant's character for driving while intoxicated, which contradicts the policy of convicting persons for their conduct, not for their criminal natures.[33]

The State improperly accentuated the trial court's error by repeatedly bringing the stipulations and prior offenses to the

jury's attention. It logically follows that, if the State is not permitted to present evidence of the two jurisdictional convictions during its case-in-chief, the two convictions are not proper subjects of comment during voir dire, opening statement, or closing argument. In its closing argument, the State invited the jury to request the stipulation during deliberations:

And, of course, [the charge] tells you that two times previously convicted doesn't mean the defendant is guilty this time. They're there for the jurisdictional considerations we told you about.

And, of course, we didn't show it to you, but you can ask for the exhibits. They can be brought back to you. And State's Exhibit No. 4 is a stipulation as to the identity and the finality of those two convictions. So it really boils down—

The trial court also told the jury: "[I]f you need to see or want to see the exhibits that have been admitted, you're free to do that, you'll be allowed to see those." The record does not reflect whether the jury took the exhibits into the jury room. Finally, the trial court's jury charge still placed the burden of proving the two prior convictions on the State; that is, even though the convictions were no longer at issue, the jury charge did not reflect that reality. It gave no hint of the stipulation at all. Instead, the jury charge discussed the prior offenses in two different paragraphs, emphasizing again for the jury that Appellant was a drunk driver.

 We hold that it is likely that the improper admission of the stipulation into evidence, along with the State's and trial court's emphasis on the stipulation and prior offenses throughout trial, encouraged the jury to find Appellant guilty of felony

---

**33.** *See Robles,* 85 S.W.3d at 213.

DWI.[34] We cannot conclude that the erroneous admission of the stipulation did not affect the jury verdict or that, if it did, it did so only slightly.[35] We therefore hold that the error in admitting the stipulation was harmful and sustain Appellant's second issue on this ground. In light of our holding, we do not reach the other grounds in the second issue or the first issue.

## III. CONCLUSION

Having sustained Appellant's second issue on the ground that the stipulation should not have been admitted during the State's case-in-chief, we reverse the judgment of the trial court and remand this case for a new trial.

---

**34.** *See Baker,* 52 S.W.3d at 886.

**35.** *See id.; Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App.1998).