Opinion issued November 26, 2003
  











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00931-CR




MUHAMED BOSNJAKOVIC, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 900004




MEMORANDUM OPINION

          Appellant, Muhamed Bosnjakovic, was charged with the felony offense of
driving while intoxicated. Before voir dire, he stipulated to the two prior DWI
convictions alleged in the indictment to enhance the primary offense to a felony. The
jury found appellant guilty, and the trial court assessed punishment at 10 years’
confinement and a fine in the amount of $2,500. We affirm.
          In two points of error, appellant complains of the following: (1) the trial court
abused its discretion (a) in allowing the State to read to the jury the enhancement
paragraphs of the indictment which alleged that appellant had two prior DWI
convictions and (b) in allowing the State to introduce the stipulation into evidence,
and (2) the trial court abused its discretion by overruling appellant’s objection to the
portion of the jury charge which mentioned appellant’s stipulation of his two previous
DWI convictions.
          The State brings one cross-point, contending that the trial court erred when it
withdrew appellant’s stipulation from the evidence.



Background
          Prior to voir dire, appellant filed a motion to stipulate that he had been
convicted of the two prior DWI offenses alleged in the indictment, and the trial court
approved and accepted the stipulation. During formal arraignment, the State read the
prior convictions alleged in the indictment to the jury. Immediately following
opening statements, the State offered, and the trial court admitted into evidence,
appellant’s stipulation.
          Before the State called its second witness, the trial court withdrew from the
evidence appellant’s stipulation to his two prior DWI convictions, and ordered the
parties to refrain from mentioning the two convictions to the jury. See Hollen v.
State, 87 S.W.3d 151 (Tex. App.—Fort Worth 2002) rev’d, No. 1592-02, slip op. at
8 (Tex. Crim. App. Sept. 10, 2003). The trial court’s charge did, however, reference
appellant’s prior DWI convictions in its phrasing of the elements of the offense and
in a limiting instruction.
Analysis
          Like appellant, Hollen was charged with felony DWI and stipulated to the two
prior DWI convictions required to enhance the primary offense to a felony. Hollen,
87 S.W.3d at 153. The stipulation was accepted by the trial court during the State’s
case-in-chief, outside the presence of the jury. Id. The trial court permitted the State
to mention the prior offenses and stipulation to the jury during voir dire, when the
State read the indictment, during the State’s opening statement, in the State’s
case-in-chief, and during the State’s closing argument. Id. The trial court admitted
the stipulation into evidence, and, as in this case, referred to each conviction in its
charge and limiting instruction to the jury. Id.
          On appeal, Hollen contended that the trial court erred by allowing the State to
announce his two prior DWI convictions when reading the indictment, by allowing
the State to discuss the prior convictions during voir dire, opening statement, its
case-in-chief, and closing argument, and by referring to the two prior DWI
convictions in the court’s charge to the jury. Id. at 154. Relying on Tamez v. State,
11 S.W.3d 198 (Tex. Crim. App. 2000) and Robles v. State, 85 S.W.3d 211 (Tex.
Crim. App. 2002), the Fort Worth Court of Appeals reversed, stating that “we are
constrained to hold that the trial court abused its discretion by admitting the
stipulation into evidence and that the admission of the stipulation was harmful.” 
Hollen, 87 S.W.3d at 154.
          The Court of Criminal Appeals granted the State’s petition for review, and
concluded that “Tamez recognized that the two jurisdictional prior convictions can
be included in the reading of the indictment to the jury.”


 Hollen v. State, No. 1592-02, slip op. at 8 (Tex. Crim. App. Sept. 10, 2003). Furthermore, it concluded that
Robles determined only that the judgments of the prior convictions were
inadmissible, and that the Court left unanswered whether the jury could be informed
of the stipulation and whether the stipulation could be admitted into evidence. Id. at
3; Robles, 85 S.W.3d at 213.



          Based on Tamez and Robles, the Court of Criminal Appeals held that the jury
may be informed of a defendant’s stipulation to two prior DWI convictions in a
felony DWI prosecution, that the trial court may admit the stipulation into evidence,
and that the trial court may refer to the two prior DWI convictions in its charge to the
jury. Hollen, No. 1592-02, slip op. at 3.
          The present case is identical to Hollen. We hold that the trial court did not err
in allowing the jury to be informed of appellant’s stipulation to his two prior DWI
convictions alleged in the indictment, in admitting the stipulation into evidence, and
in referring to the stipulation in its charge to the jury.
Conclusion
          The judgment of the trial court is affirmed.
 
                                                             Adele Hedges
                                                             Justice

Panel consists of Justices Hedges, Nuchia, and Higley.

Do not publish. Tex. R. App. P. 47.4.