**Charles Douglas GELO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–98–00168–CR.**

Court of Appeals of Texas, El Paso.

June 24, 1999.

Rehearing Overruled July 14, 1999.

Scott Segall, Martin & Segall, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, John L. Davis, Assistant District Attorney, El Paso, for Appellee.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## *O P I N I O N*

RICHARD BARAJAS, Chief Justice.

This is an appeal from a jury conviction for the misdemeanor offense of driving while intoxicated. The court assessed punishment at seventy-two (72) hours' confinement. We affirm the judgment of the trial court.

### I. *PROCEDURAL HISTORY*

On February 7, 1997, Appellant entered a plea of not guilty to the offense of DWI and his case was tried before a jury. The jury returned a verdict of guilty and assessed punishment at a fine of $1,250 and no confinement. The State appealed asserting the illegality of the sentence and, on October 16, 1997, this Court reversed the case for a new punishment hearing in light of the illegal sentence which failed to assess at least the minimum term of confinement of seventy-two hours. *See State of Texas v. Charles Gelo,* No. 08–97–00056–CR (Tex.App.—El Paso October 16, 1997, no pet.) (not designated for publication). In that State appeal, Appellant asserted a cross-point alleging ineffective assistance of counsel, however, this Court held it had no authority to consider the cross-point. Appellant never filed a petition for discretionary review complaining of this Court's initial decision, consequent-ly, this Court's mandate issued on January 14, 1998.

On remand, the trial court set the case for a new punishment hearing for March 4, 1998. On March 17, 1998, the trial court entered judgment and sentence assessing Appellant's punishment at seventy-two hours' confinement and no fine. Appellant filed a motion for new trial which was denied on May 19, 1998. Appellant filed his notice of appeal on May 20, 1998.

On August 15, 1998, this Court ordered the trial court to hold a hearing to determine why a reporter's record was not filed. The testimony adduced at the hearing revealed that Appellant had not filed an affidavit of indigency, had not made arrangements to pay for the reporter's record, and had waived the preparation of the reporter's record from any part of the record. Accordingly, the appellate record before us consists only of the court clerk's record.

### II. *DISCUSSION*

In two points of error, Appellant asserts that this Court's failure to allow him to present his cross-points in the prior State appeal denied him his right to due process and effective assistance of counsel. Specifically, Appellant argues that the rule precluding the presentment of cross-points denies him his right to argue the case on appeal thereby causing his counsel to be ineffective. Further, Appellant maintains that the failure to permit him to present his cross-points at the same time as the State's appeal violates his right to due process.

Neither the Constitution of the United States nor the Texas Constitution mandate that a defendant's right to due process requires a right to appeal a criminal conviction. *See Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim.App.1992). However, if a state statutorily provides for the appeal of criminal convictions, it must provide access to the appellate courts in a manner that does not offend the Equal Protection Clause of the Fourteenth Amendment. *Vaughn v. State,* 931 S.W.2d 564, 567 (Tex.Crim.App.1996).

The Texas Legislature has provided a right to appeal a criminal conviction in TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979). This article provides that the appeal may be taken, "under the rules hereinafter prescribed." *Id.* Those rules are clearly promulgated in the rules of appellate procedure. The State has a limited right of appeal which is provided in TEX.CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp.1999). Under this statute, the State is entitled to appeal a sentence in a case on the ground that the sentence is illegal. TEX.CODE CRIM. PROC. ANN. art. 44.01(b) (Vernon Supp.1999). The statute also specifically provides that, "Nothing in this article is to interfere with the defendant's right to appeal under the procedures of Article 44.02 of this code." TEX. CODE CRIM. PROC. ANN. art. 44.01(j) (Vernon Supp.1999).

■ Article 44.01 does not authorize a defendant to appeal by cross-point when the State seeks an interlocutory appeal. *State v. Vogel,* 852 S.W.2d 567, 570 (Tex. App.—Dallas 1992, pet. ref'd); *State v. Clouse,* 839 S.W.2d 459, 463 (Tex.App.—Beaumont 1992, no pet.); *State v. Garcia,* 823 S.W.2d 793, 799 (Tex.App.—San Antonio 1992, pet. ref'd); *State v. Kost,* 785 S.W.2d 936, 940–41 (Tex.App.—San Antonio 1990, pet. ref'd). The sole entitlement to raise a cross-point in criminal appeals is found in the provision allowing the State to appeal a ruling on a question of law if the defendant is convicted and appeals. TEX. CODE CRIM. PROC. ANN. art. 44.01(c) (Vernon Supp.1999).

■ Appellant asserts that his inability to raise cross-points on the prior appeal, i.e., the State's appeal, denied him his right to due process. He also asserts that he should have the right to raise cross-points, once his trial has concluded. We note that State's appeals are limited and narrow in scope. Appellant clearly had appellate recourse to article 44.02, as indicated by subsection (j) in article 44.01, in order to pursue a full appeal. Had Appellant filed a timely notice of appeal under TEX.R.APP. P. 26 or former rules 40(b)(1) and 41(b)(1), he unquestionably could have preserved his cross-point issues.[1] We find nothing in either the Texas Code of Criminal Procedure or the Texas Rules of Appellate Procedure which would prevent a State's appeal and a defendant's appeal from running simultaneously in the appellate court, provided both parties provide timely notice of appeal.

We find that Appellant had an appellate remedy and that he was not denied his rights to effective assistance of counsel and due process by the striking of his cross-point in the prior appeal. Points of Error Nos. One and Two are overruled.

Having overruled each of Appellant's points of error, we affirm the judgment of the trial court.

---

1. A notice of appeal which complies with the requirements of TEX.R.APP. P. 26 is essential to vest the court of appeals with jurisdiction. If an appeal is not timely perfected, an appellate court does not obtain jurisdiction to address the merits of the appeal. *Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App.1998).