In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00015-CR


______________________________




PHILIP C. EGWU, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 230th Judicial District Court


Harris County, Texas


Trial Court No. 844832




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Philip C. Egwu has appealed from his conviction on a plea of guilty pursuant to a plea
bargain agreement for the felony offense of theft of cash in an amount over $20,000.00, but less than
$100,000.00. On October 3, 2000, Egwu was placed on community supervision under the terms of
a plea bargain agreement which carried a punishment of ten years' confinement and an order to repay
the stolen funds. Egwu filed a pro se general notice of appeal on October 26, 2000.

 Counsel on appeal has filed a brief under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967), and a concurrent motion seeking to withdraw from representation,
contending that the appeal is frivolous because this Court lacks jurisdiction to consider the appeal.

 Egwu has a right to appeal from his conviction on a plea of guilty pursuant to a plea bargain
agreement. Neither the United States Constitution nor the Texas Constitution mandates that a
defendant's right to due process requires a right to appeal a criminal conviction, Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992), but the Texas Legislature has provided a right to appeal a
criminal conviction in Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979). This article provides
that the appeal may be taken "under the rules hereinafter prescribed." Id. Those rules are clearly
promulgated in the rules of appellate procedure. Gelo v. State, 1 S.W.3d 703, 705 (Tex. App.-El
Paso 1999, no pet.). 

 A defendant perfects an appeal by timely filing a notice of appeal with the trial court clerk,
which is to be immediately transmitted to the appellate court. Tex. R. App. P. 25.2. The rule
provides the framework by which we determine if we have jurisdiction of an appeal. Our appellate
jurisdiction has been invoked by Egwu's timely notice of appeal, State v. Riewe, 13 S.W.3d 408, 410
(Tex. Crim. App. 2000), at least to the extent that we must determine if we have jurisdiction. State
v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996). 

 Tex. R. App. P. 25.2 provides that in an appeal from a conviction pursuant to a plea bargain
agreement, the notice of appeal must specify that the substance of the appeal is for a jurisdictional
defect or was raised by written motion and ruled on before trial, or the notice must state that the trial
court granted the defendant permission to appeal. Tex. R. App. P. 25.2(b). Thus, in a plea bargain
situation, only certain issues may be raised in an appeal. If those issues are not raised, we do not
have jurisdiction to consider the appeal on its merits. Perez v. State, 4 S.W.3d 305, 306-07 (Tex.
App.-Houston [1st Dist.] 1999, no pet.). Further, it has now been held that Rule 25.2(b) does not
permit the voluntariness of a plea to be raised on appeal. See Cooper v. State, 45 S.W.3d 77, 83
(Tex. Crim. App. 2001). (1) 

 Egwu's notice of appeal does not specify that the appeal is for a jurisdictional defect; it does
not specify that the substance of the appeal was raised by written motion and ruled on before trial; 
it does not state that the trial court granted permission to appeal; and the time during which the
notice of appeal could be amended to meet those requirements has expired. Therefore, the notice
of appeal is not sufficient to confer jurisdiction on this Court to consider the appeal on its merits. 
See Tex. R. App. P. 25.2(b)(3); Whitt v. State, 45 S.W.3d 274, 275 (Tex. App.-Austin 2001, no pet.
h.); Scott v. State, 995 S.W.2d 325, 326 (Tex. App.-Houston [1st Dist.] 1999, no pet.); Trollinger
v. State, 987 S.W.2d 166, 167 (Tex. App.-Dallas 1999, no pet.). 

 The appeal is dismissed for want of jurisdiction. 


 William J. Cornelius

 Chief Justice


Date Submitted: October 23, 2001

Date Decided: October 23, 2001


Do Not Publish 
1. In addition, it has also been held that Tex. R. App. P. 25.2(d) (concerning amendment of the
notice of appeal) does not permit an appellant to amend his notice of appeal in order to correct
jurisdictional defects after the time for perfecting the appeal has passed. State v. Riewe, 13 S.W.3d
408, 413-14 (Tex. Crim. App. 2000); see Jones v. State, 796 S.W.2d 183, 187 (Tex. Crim. App.
1990). 



s New Roman"> (2) voluntarily nonsuit the action against the physician or health care provider. 

 

 (e) If a claimant has failed, for any defendant physician or health care
provider, to comply with Subsection (d) of this section within the time required, the
court shall, on the motion of the affected physician or health care provider, enter an
order awarding as sanctions against the claimant . . . ;


. . . .

 

 (3) the dismissal of the action of the claimant against that defendant with
prejudice to the claim's refiling.


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d), (e). Perry has not shown the filing of any such
report or curriculum vitae; in fact, Perry's lawsuit was dismissed apparently because of a failure to
file those required items on a timely basis. While Perry appears to have been seeking to obtain,
through discovery, an expert report from another party in this cause, there is no indication that Perry
also has sought to obtain a corresponding curriculum vitae. More importantly, there is no provision
in the above Act that a claimant need not timely file the required items while he or she uses
discovery to obtain them.