In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana




______________________________




No. 06-01 -00221 -CR


______________________________






THEODORE EVERETT LLOYD, Appellant




V.




THE STATE OF TEXAS, Appellee





 



On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 21,611-B





 









Before Ross, Cornelius* and Grant,** JJ.

Opinion by Justice Cornelius





______________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

**Ben Z. Grant, Justice, Retired, Sitting by Assignment



O P I N I O N




 Theodore Everett Lloyd appeals from the final adjudication of his guilt. The trial court placed Lloyd on ten years' deferred
adjudication on October 13, 1994, for the offense of possession of a controlled substance. The State filed an amended
application for adjudication on August 2, 2001. On November 19, 2001, the trial court adjudged Lloyd guilty and
sentenced him to twelve years in prison. 

 Lloyd contends that his claims of error at the adjudication proceeding should be heard on appeal despite controlling
caselaw to the contrary, because to refuse to hear his appeal on those grounds would violate his rights under the Texas
Constitution. He further contends that the evidence produced by the State is factually and legally insufficient to support the
revocation of his community supervision. Lloyd also contends that the trial court committed reversible error at the
sentencing phase by admitting evidence of an unadjudicated extraneous offense. 

 We first address the question whether we may consider alleged error that occurred at the final adjudication proceeding. 
We recognize that the Texas Court of Criminal Appeals has held that a defendant may not appeal the trial court's
determination to adjudicate an original offense on violation of community supervision. This deprives a court of appeals of
jurisdiction to entertain or consider an appeal from the adjudication hearing on any ground. Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (Vernon Supp. 2003); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999);Phynes v. State,
828 S.W.2d 1, 2 (Tex. Crim. App. 1992). (1)

 Lloyd has made a reasoned and impassioned argument that the open courts guarantee set out in Article 1, Section 13 of the
Texas Constitution provides a right to appeal that cannot be taken away by statutory enactment or by rules of court. Tex.
Const. art. I, § 13. The Texas Legislature has provided a right to appeal a criminal conviction in Tex. Code Crim. Proc.
Ann. art. 44.02 (Vernon 1979). This article provides that the appeal may be taken "under the rules hereinafter prescribed." 
Id. Those rules are clearly promulgated in the Rules of Appellate Procedure. Gelo v. State, 1 S.W.3d 703, 705 (Tex.
App.-El Paso 1999, no pet.). The rule depriving us of jurisdiction to consider an appeal from an adjudication proceeding
applies because the defendant is not found guilty until that later proceeding. Connolly v. State, 983 S.W.2d at 741. We
have no jurisdiction to consider Lloyd's issues one through six.

 Lloyd also contends that the trial court abused its discretion at the sentencing phase by admitting evidence about an
unadjudicated offense. Article 42.12, Section 5(b) of the Texas Code of Criminal Procedure provides that "[a]fter an
adjudication of guilt, all proceedings, including assessment of punishment . . . and defendant's appeal continue as if the
adjudication of guilt had not been deferred." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). Thus, although we may not
review a trial court's decision to proceed with an adjudication of guilt on the original charge, we may consider issues related
to the trial court's assessment of punishment. Id.; Vidaurri v. State, 49 S.W.3d 880 (Tex. Crim. App. 2001); Washington v.
State, 71 S.W.3d 498, 499 (Tex. App.-Tyler 2002, no pet. h.). See Kirtley v. State, 56 S.W.3d 48, 51 (Tex. Crim. App.
2001); Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).

 Lloyd contends that the trial court erred at the sentencing phase by admitting evidence that he was involved in a reverse or
sting drug operation. The evidence consisted of a videotape that depicted Lloyd and a State agent (2) apparently engaged in
a narcotics transaction that was never completed. The videotape shows that the State's agent gave Lloyd a package
purporting to be cocaine, which Lloyd threw on a bed after stating that he had no money to purchase it. 

 Lloyd argues briefly that the trial court erred by admitting the evidence when the State had not given him proper notice of
the date the act occurred, as required by Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon Supp. 2003). The purpose
of the notice requirement is to prevent unfair surprise to a defendant. Cole v. State, 987 S.W.2d 893, 897 (Tex. App.-Fort
Worth 1998, no pet.). The statute, however, only requires the State to give notice if the defendant timely requests it. There
is no indication in this record that Lloyd requested such notice. In the absence of a timely request, the trial court did not err
by admitting the evidence.



 The judgment is affirmed. 



 

 William J. Cornelius

 Justice*





*Chief Justice, Retired, Sitting By Assignment





Date Submitted: July 17, 2002

Date Decided: January 24, 2003



Publish

 

1. There is authority suggesting that any remedy for an alleged violation of due process as to the standard of proof involved
in a decision to proceed to adjudication must be through a post-conviction writ of habeas corpus. The prohibition against a
direct appeal is total. Kendall v. State, 929 S.W.2d 509 (Tex. App.-Fort Worth 1996, pet. ref'd). 

2. Lloyd points out that the agent had given the police a false name before working for them as an undercover agent and
that the agent is now at large on a warrant.



ity="64" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00212-CR

                                                ______________________________

 

 

                              BRIAN CHADWICK MARTIN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 1122188

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Brian
Chadwick Martin has filed a notice of appeal. 
We have now received the certification of Martins right of appeal as
required by Tex. R. App. P.
25.2.  That certification states that
Martin waived his right of appeal.

            Unless a
certification, showing that a defendant has the right of appeal, is in the
record, we must dismiss the appeal.  See Tex.
R. App. P. 25.2(d).  Because the
trial courts certification affirmatively shows that Martin has waived his
right of appeal, and because the record before us does not reflect that the
certification is incorrect, see Dears v.
State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we must dismiss the
appeal.

            Martin has
also filed a motion to dismiss his appeal. 
The motion is signed by Martin and by his counsel in compliance with
Rule 42.2(a) of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 42.2(a).  As authorized by Rule 42.2, we grant the
motion.  See Tex. R. App. P. 42.2.

            We
dismiss the appeal.

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          January
4, 2012

Date Decided:        January 5, 2012                                   

 

Do Not Publish