COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ARTHUR KAY WILLIAMS,                               )

                                                                              )              
No.  08-03-00083-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
243rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20010D04553)

                                                                              )

 

 

O
P I N I O N

 

Appellant, Arthur
Kay Williams, was charged by indictment with the felony offense of driving
while intoxicated.  A jury found the
Appellant guilty and the trial court sentenced the Appellant to ten years= confinement probated to ten years= community supervision, and a fine of
$1,000, probated.  On appeal, Appellant
raises the following three issues:  (1)
Appellant challenges the trial court=s
decision to allow the State to read the entire indictment to the jury including
his two prior DWI convictions; (2) challenges the legal sufficiency of the
evidence to support his conviction; and (3) argues that the trial court erred
in denying Appellant=s
motion for mistrial due to the improper and prejudicial closing argument made
by the State.  We reverse and acquit.

 








UNDERLYING
FACTS

On September 5,
2001, El Paso Police Officers David Aldana and Adrian Alvillar were 

on duty patrolling Yarbrough
Street, when they came to the intersection of Yarbrough and Montwood and
noticed Appellant=s vehicle
parked about two car lengths behind the car in front of him at the red
light.  Both Officer Aldana and Officer
Alvillar were alerted to this behavior since they testified that this is often
a sign of an intoxicated driver.  They
continued northbound on Yarbrough following the Appellant.  Officer Alvillar, who was driving the patrol
vehicle slowed down and determined that Appellant was driving approximately 20
mph in a 40 mph zone.  Then as they
approached the intersection of Yarbrough and Edgemere, although the traffic
light was green, Appellant made what is commonly referred to as a ACalifornia stop@
before proceeding through the intersection. 
Appellant then began straddling the lane and then overcorrected.  This prompted the police officers to pull
over Appellant.  








When Officer
Alvillar approached Appellant=s
car, he testified that the driver=s
window was rolled up; Appellant refuted this testimony by testifying that he
had the window rolled down.  Officer
Alvillar asked Appellant for his driver=s
license and proof of insurance and then handed the information to Officer
Aldana in order to run a warrant check on the Appellant.  Both officers saw Appellant moving around in
the vehicle and Officer Alvillar asked the Appellant to exit the vehicle.  As Appellant stepped out of his vehicle, he
was having a hard time keeping his balance, he was swaying, his steps were
staggered, and he was walking slow. 
Officer Alvillar also testified that Appellant was having trouble
following directions.  His breath smelled
of alcohol, he had bloodshot eyes, and slurred speech.  When asked if he had been drinking, Appellant
stated that he had not been drinking. 
The officers testified that Appellant declined to perform the field
sobriety tests as well as a breath test. 
Appellant was placed under arrest for driving while intoxicated.  The officers performed an inventory search of
his car and discovered a bottle of vodka about one-third full on the passenger
floorboard.  The bottle did not have a
cap and it appeared to have spilled onto the floorboard.  However, the vodka bottle was not
documented.  

Appellant was
indicted for the offense of felony driving while intoxicated on
September 25, 2001.  Appellant had
his first jury trial on February 5, 2002, which resulted in a mistrial due to a
hung jury.  Appellant=s second trial, the basis for this
appeal, took place on February 11, 2003 and concluded on February 13, 2003 with
a guilty verdict.

At the beginning
of the punishment phase, Appellant moved to change his punishment election in
order to have the trial court assess his punishment.  The State did not object to the change of
election and the trial court granted Appellant=s
motion.  As recommended by the plea
bargain, the trial court sentenced the Appellant to ten years= community supervision, a $1,000 fine,
probated, 300 hours of community service, 90 meetings of Alcoholic Anonymous in
90 days, and other standard terms and conditions of a DWI probation.  Appellant now timely files this appeal.

ISSUES
ON APPEAL

In Issue Two,
Appellant argues that even though he stipulated to the two prior DWI offenses,
the State failed to introduce into evidence the stipulation or any other
evidence of the two prior convictions, and as such, his conviction for felony
DWI cannot be sustained.  Appellant
argues that the evidence is insufficient to sustain his conviction because the
State failed to prove he committed the two prior convictions specifically
alleged in the indictment.  








The standard of
review for challenging the legal sufficiency of the evidence in a criminal case
is whether, after reviewing the evidence in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  In order to support a conviction for felony
DWI, in addition to proving the underlying DWI offense, the State must prove
the defendant was convicted of the two prior DWI offenses. 
Tex.Pen.Code Ann. '
49.09(b)(Vernon Supp. 2004-05); see Gibson v. State, 995 S.W.2d 693, 696
(Tex.Crim.App. 1999).  Where proof of a
prior conviction is a jurisdictional element, the fact of the prior conviction
or convictions, including the identity of the accused, must be proven beyond a
reasonable doubt.  See Zimmer v. State,
989 S.W.2d 48, 50 (Tex.App.--San Antonio 1998, pet. ref=d).  The State can satisfy this obligation at
trial either by offering in evidence certified copies of the judgments or a
stipulation.  See Robles v.State,
85 S.W.3d 211, 212 (Tex.Crim.App. 2002). 

In this case, the
State did not offer any proof of the two prior DWI offenses.  The State in its brief concedes that Aother than reading the allegation of
the 2 prior DWI convictions to the jury, no further evidence, proof, or jury
instruction regarding the 2 priors was presented or submitted to the jury.@ 
However, the State argues that this was not a case where it did not have
sufficient evidence of proof, but rather that the Appellant Ainduced the trial
court--erroneously--to preclude any mention or proof of the prior convictions,
even though [the Appellant] had stipulated to the existence and validity of
those prior convictions and the State was ready to introduce evidence of those
prior convictions . . . .@  To support its argument, the State cites to
this Court=s opinion
in Orona v. State, 52 S.W.3d 242 (Tex.App.--El Paso 2001, no pet.).  








In Orona v.
State, the trial court instructed the jury of the existence of Appellant=s stipulation that he had been
convicted of two prior offense as alleged in the indictment.  Orona, 52 S.W.3d at 247-48.  We held that A[g]iven
that the trial court informed the jury of Appellant=s
stipulation regarding the prior convictions, and presuming a correct charge@ the evidence was sufficient to support
the appellant=s
conviction.  Id.  However, in this case, the trial court did
not instruct the jury that the Appellant had stipulated to the prior
convictions.  The jury nevertheless found
the Appellant guilty of DWI as alleged in the indictment, which included the
allegation of the two prior convictions. 


The State argues
that Appellant should be estopped from complaining of the sufficiency of the
evidence proving those prior convictions. 
The State argues that had Appellant not erroneously induced the trial
court to exclude the stipulation, the evidence would have been clearly
sufficient to prove the prior convictions. 
Further, since Appellant was the moving factor behind this erroneous
ruling, he should not now be allowed to complain of the evidence.  








At the beginning
of the trial, Appellant made a motion in which it requested the trial court to Apreclude the State from referring to
the prior convictions [and] reading the portion of the indictment that alleges
the prior convictions.@  Appellant further stated that since he had
stipulated to jurisdiction, there was no reason for the State to ever bring up
the prior convictions during the guilt/non-guilt portion of the trial.  In support of its motion, the Appellant
provided the trial court with the following two cases, Hollen v. State,
87 S.W.3d 151 (Tex.App.--Fort Worth 2002), rev=d,
117 S.W.3d 798 (Tex.Crim.App. 2003), cert. denied, 124 S.Ct. 2022 (2004)
(holding that the State could not admit the stipulations), and Robles v.
State, 85 S.W.3d 211 (Tex.Crim.App. 2002)(discussing whether convictions
could be introduced into evidence at the guilt stage of the trial, but not
addressing whether the jury may be informed of the stipulation or whether the
stipulation itself may be admitted into evidence).

The trial court,
after considering the Appellant=s
motion made the following statement:

[B]ut my ruling after reading the case
of Gary Don Holden [sic] vs. State of Texas and the case of Robles
vs. State, is that -- as directed by the Court of Criminal Appeals, the
State may read the indictment at the beginning of the trial, mentioning the jurisdiction
of prior conviction, but the State may not present evidence of conviction in
its case-in-chief.

Secondly, again,
reading the two cases in their entirety, and, the -- you know, their
importance, what we=re trying
to do is making sure that the fact that there are prior convictions do not
unfairly prejudice.  In other words, that
the probative value of those convictions is far outweighed by the prejudicial
effect that it=s going
to have on the case-in-chief, here.  What
you need to prove is that he was driving while intoxicated at the time of this
offense.  Because he has stipulated, as I
understand, the cases, there=s
no evidence that is required on the prior offenses.  

Also, very clear in
this case is that the stipulation is not read or presented to the jury in any
way.

 

The trial court=s decision, although clearly erroneous
today, was made at a time when the case law regarding stipulations in felony
DWI offenses was in flux.  The Texas
Court of Criminal Appeals opinion in Hollen v. State, 117 S.W.3d 798
(Tex.Crim.App. 2003), held that the State Amay@ admit the stipulation into evidence
had not been handed down at the time of Appellant=s
trial.  Therefore, the trial court=s decision in not allowing the
stipulation to be discussed during the State=s
case-in-chief was not invited error since at the time case law was not clear on
this issue.  We therefore find that in
this case, the State failed to offer any evidence to satisfy its burden of
proving beyond a reasonable doubt that the Appellant had two prior DWI
convictions.  As such, we sustain
Appellant=s Issue
Two.  Having found that the evidence is
legally insufficient to support Appellant=s
conviction, we do not address Appellant=s
Issues One and Three.








The State has also
raised a cross-point its their brief. 
The State argues that the trial court erred in precluding any admission
of evidence or mention of Appellant=s
prior DWI convictions.  In so doing, the
State was denied the opportunity to prove the allegation of the prior
convictions to the jury.  However, the
State has failed to file a notice of appeal. 
The State in its brief cites to Article 
44.01(c) of the Texas Code of Criminal Procedure to support its
contention that the State is not required to file its own notice of appeal in
order to raise a cross-point.  Under
Article 44.01(c), the State is entitled to appeal a ruling on a question of law
if the defendant is convicted in the case and appeals the judgment.  See Tex.Code
Crim.Proc.Ann. art. 44.01(c)(Vernon Pamph. 2004-05).  In this case, the State has not raised a
question of law on appeal and due to its failure to file a notice of appeal, we
do not have jurisdiction to address its cross-point.

For the reasons
stated above, the trial court=s
judgment is reversed and we render a judgment of acquittal.

 

 

 

                                                                                  


February
10, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)

 

 

 

DISSENTING OPINION








At
trial, Appellant succeeded in having his stipulation of evidence that he had
twice been convicted of driving while intoxicated excluded from the jury=s consideration.  Now, on appeal, he contends that the evidence
is legally insufficient to prove these same jurisdictional elements, and
therefore, his conviction must be reversed and a judgment of acquittal entered.  The majority opinion rejects the State=s argument that Appellant is estopped
from raising this sufficiency issue. 
Further, the Court refuses to address the State=s
cross-point regarding the erroneous exclusion of this evidence.  Finally, the majority does not consider
whether Appellant was properly convicted of misdemeanor DWI, and thus, the
cause should be remanded to the trial court for a new punishment hearing.  Because I am in disagreement with the
majority=s
treatment of these issues, I respectfully dissent.

                                                                Underlying
Facts

Prior
to trial, Appellant filed the following written stipulation:

The
Defendant consents to a written stipulation of evidence, for jurisdictional
purposes only, regarding the existence of two previous convictions necessary to
prosecute an offense of driving while intoxicated as a felony offense in a
district court.

 

The
Defendant hereby stipulates to having been previously, finally, and
lawfully convicted two times of an offense relating to operating of a motor
vehicle while intoxicated, as alleged in the indictment.  Furthermore, the Defendant stipulates that at
least one of those prior convictions was for an offense committed not more than
10 years before the offense for which the Defendant is being tried was
committed.  

 








This stipulation
is plainly sufficient to prove the two prior convictions beyond a reasonable
doubt.  Appellant brought this
stipulation to the trial judge=s
attention prior to the beginning of voir dire and argued that since he had
stipulated to jurisdiction, the State should not be allowed to read the
enhancement allegations or otherwise mention the prior convictions during voir
dire or through its witnesses unless Appellant first opened the door.  The trial court reviewed the cases presented
by Appellant[1]
and ruled that the State could read the entire indictment, including the
allegation of the two prior convictions, and could discuss during voir dire the
applicable range of punishment in hypothetical terms, but the State would not
be allowed to present any evidence of the prior convictions during
guilt-innocence.  The court additionally
ruled that the stipulation itself could not be read or presented to the jury.  After the jury had been selected and excused
for the day, the trial judge explained to the parties that the court=s charge would not make any mention of
the two prior convictions, stating:  AIt looks to me like all we=re going to do is submit a DWI charge
with no enhancement paragraph.@  

Consistent
with the court=s
rulings, the stipulation was not introduced into evidence and the court=s charge addressed only the charged
DWI.  The application paragraph stated:

Now,
if you find from the evidence beyond a reasonable doubt that on or about the September
5, 2001, in El Paso County, Texas, the defendant, ARTHUR WILLIAMS,
did then and there, drive and operate a motor vehicle in a public place while
intoxicated, to-wit: by not having the normal use of mental or physical
faculties by reason of the introduction of alcohol into the body, then you will
find the defendant guilty of the felony offense as alleged in the
indictment.  [Emphasis added].

 

Appellant did
not object to this charge which allowed the jury to find him guilty of felony
DWI without proof of the prior convictions. 
The jury found Appellant guilty of driving while intoxicated Aas alleged in the indictment.@

                                                     The
State=s
Estoppel Argument








The
trial court acted properly by accepting Appellant=s
stipulation of evidence, but erred by sustaining Appellant=s objection to the introduction of this
stipulation before the jury.  See
Hollen, 117 S.W.3d at 801-02.  The
State argues that Appellant should be estopped from challenging the sufficiency
of the evidence to prove these jurisdictional elements since he  not only induced the trial court to commit
the error but plainly benefitted by having his case tried in isolation from his
prior convictions.  








The
State draws an analogy between the circumstances presented in this case and the
case law holding that where the defendant requests or does not object to the
inclusion of a lesser-included offense in the charge, the defendant is
thereafter estopped from challenging the sufficiency of the evidence to prove
the lesser-included offense.  See
e.g., State v. Lee, 818 S.W.2d 778, 781 (Tex.Crim.App. 1991), overruled
on other grounds, Moore v. State, 969 S.W.2d 4, 10 (Tex.Crim.App. 1998); Otting
v. State, 8 S.W.3d 681, 686-87 (Tex.App.-- 1999, pet. ref=d, untimely filed).  See also State v. Yount, 853 S.W.2d 6,
9 (Tex.Crim.App. 1993); Taylor v. State, 947 S.W.2d 698, 702 (Tex.App.‑‑Fort
Worth 1997, pet. ref=d);
Scott v. State, 867 S.W.2d 148, 154 (Tex.App.‑‑ Austin 1993,
no pet.); Tamez v. State, 865 S.W.2d 518, 519‑20 (Tex.App.‑‑Corpus
Christi 1993, pet. ref=d).  If the defendant causes or acquiesces to the
inclusion of a lesser-included offense in the charge, and thereby accepts the
benefit of such a charge, the defendant is estopped from challenging the
sufficiency of the evidence to support the lesser-included offense.  Otting, 8 S.W.3d at 687; see Taylor,
947 S.W.2d at 702.  In my view, there is
no cogent reason to not apply the same estoppel rule here since Appellant
caused the exclusion of the evidence which would have proved the jurisdictional
elements and he failed to object to the court=s
charge which permitted the jury to find him guilty of felony DWI absent proof
of the prior convictions.  Cf. Bryant
v. State, 135 S.W.3d 130, 137-39 (Tex.App.--Waco 2004, pet. granted)(Gray,
C.J., dissenting)(where defendant stipulated to prior DWI convictions and trial
court informed the jury of the stipulation in the charge, but the State did not
offer stipulation in evidence, majority opinion held evidence legally
insufficient to prove the prior convictions and acquitted defendant; dissent
stated that defendant should not be permitted to challenge sufficiency of the
evidence since he benefitted by preventing the state from introducing evidence
of the prior convictions); Smith v. State, 135 S.W.3d 198, 202
(Tex.App.--Waco 2004, pet. granted)(Gray, C.J., dissenting)(where defendant
stipulated to prior DWI convictions and agreed that the State did not have to
prove up his priors, defendant raised sufficiency of the evidence to prove that
one of the priors was too remote to use; majority opinion reversed conviction
and acquitted defendant; dissent stated that defendant should not be permitted
to challenge sufficiency of the evidence since he benefitted from the
stipulation).  I would overrule Issue
Two.

                                                           The
State=s
Cross-Point

The
State contends in a cross-point that the trial court erred by excluding the
stipulation from the jury=s
consideration.  Given that I would
overrule Issue Two, it would be unnecessary to address the State=s cross-point.  See Hargrove v. State, 774 S.W.2d 771,
773 (Tex.App.‑-Corpus Christi 1989, pet. ref=d).  But because the majority opinion addresses
the merits of this question, I make the following observations. 








The
majority opinion holds, in essence, that it lacks jurisdiction to consider the
State=s
cross-appeal because the State did not file its own notice of appeal.  The Court reaches this conclusion without
acknowledging that there is a split of authority among the intermediate
appellate courts whether the State must file a notice of appeal in order to
appeal pursuant to Article 44.01(c).  Compare
Strong v. State, 87 S.W.3d 206, 211-13 (Tex.App.--Dallas 2002, pet. ref=d)[2]
and Malley v. State, 9 S.W.3d 925, 927 (Tex.App.‑‑Beaumont
2000, pet. ref=d)(cases
holding that State is required to file a notice of appeal in order to present a
cross-point) with Mizell v. State, 70 S.W.3d 156, 162-63 (Tex.App.--San
Antonio 2001), aff=d
on other grounds, 119 S.W.3d 804 (Tex.Crim.App. 2003)[3]
and McClinton v. State, 38 S.W.3d 747, 750-51 (Tex.App.--Houston [14th
Dist.] 2001), pet. dism=d
improvidently granted, 121 S.W.3d 768 (Tex.Crim.App. 2003)(cases holding
that it is not necessary for State to file its on notice of appeal).  I would follow the holdings of Mizell
and McClinton.

Article
44.01 of the Code of Criminal Procedure provides:

(a)        The state is
entitled to appeal an order of a court in a criminal case if the order: 

 

(1)        dismisses an
indictment, information, or complaint or any portion of an indictment,
information, or complaint; 

 

(2)        arrests or
modifies a judgment; 

 

(3)        grants a new
trial; 

 

(4)        sustains a
claim of former jeopardy;

 








(5)        grants a
motion to suppress evidence, a confession, or an admission, if jeopardy has not
attached in the case and if the prosecuting attorney certifies to the trial
court that the appeal is not taken for the purpose of delay and that the
evidence, confession, or admission is of substantial importance in the case; or

 

(6)        is issued
under Chapter 64. 

 

(b)        The state is
entitled to appeal a sentence in a case on the ground that the sentence is
illegal. 

 

(c)        The state is
entitled to appeal a ruling on a question of law if the defendant is convicted
in the case and appeals the judgment. 

 

(d)        The
prosecuting attorney may not make an appeal under Subsection (a) or (b) of this
article later than the 15th day after the date on which the order, ruling, or
sentence to be appealed is entered by the court. 

 

Tex.Code Crim.Proc.Ann. art.
44.01(a)-(d)(Vernon Pamph. 2004-05).








While
Article 44.01(d) and Rule 26.2(b) set forth the time in which the State must
file a notice of appeal when it appeals from a court=s
order pursuant to Article 44.01(a) and (b), neither Article 44.01 nor the Rules
of Appellate Procedure regarding criminal appeals requires the State to file a
written notice of appeal Ato
appeal a ruling on a question of law [when] the defendant is convicted in the
case and appeals the judgment.@  Mizell, 70 S.W.3d at 163, quoting
Tex.Code Crim.Proc.Ann. art.
44.01(c); Tex.R.App.P. 25.2(a)‑(b)(2),
26.2(b).  Do we assume, then, that there
is no deadline for the State=s
notice of appeal?  Or does the absence of
a filing deadline indicate that it is unnecessary for the State to file a
notice of appeal when raising a cross-point under Article 44.01(c)?  An analysis of the approach taken in civil
appeals indicates that the latter answer is more reasonable.  In civil appeals, it is abundantly clear that
any party seeking to alter the trial court=s
judgment must file a notice of appeal. 
See Tex.R.App.P.
25.1(c).[4]  However, a separate notice of appeal is not
required where a party does not seek to alter the trial court=s judgment but merely presents an
alternate ground for affirmance.  See
Helton v. Railroad Commission of Texas, 126 S.W.3d 111, 119-20 (Tex.App.‑-Houston
[1st Dist.] 2003, pet. denied)(holding that separate notice of appeal not
required because cross-point presented alternate ground for affirmance of
order); Dean v. Lafayette Place (Section One) Council of Co‑Owners,
Inc., 999 S.W.2d 814, 817-18 (Tex.App.‑-Houston [1st Dist.] 1999, no
pet.)(distinguishing cross‑points that require a separate notice of
appeal from those that merely seek to raise alternate grounds opposing recovery
by the appealing party, and consequently, do not require separate notice of
appeal).  If this were a civil case, the
State would not be required to file a separate notice of appeal because the
State, by its cross-point, is not attempting to alter the trial court=s judgment but rather seeks to uphold it.  I 
would therefore conclude that the Court has jurisdiction to consider the
State=s
cross-appeal even though the State did not file its own notice of appeal.

                                                       Reformation
of the Judgment








Even
assuming the majority opinion is correct in its resolution of the previous two
issues, it is nevertheless incorrect in its decision to render a judgment of
acquittal.  Upon a finding that the
evidence is legally insufficient to support a conviction, the appropriate
disposition is usually a reversal of the judgment of conviction and rendition
of a judgment of acquittal.  Bryant v.
State, 135 S.W.3d 130, 135 (Tex.App.--Waco 2004, pet. granted), citing
Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).  However, a judgment must be modified to
reflect a conviction for a lesser‑included offense if:  (1) the jury was charged on the lesser
offense; or (2) a party requested a charge on the lesser offense which the
trial court denied.  Collier v. State,
999 S.W.2d 779, 782 (Tex.Crim.App. 1999); Bryant, 135 S.W.3d at 135; Hicks
v. State, 999 S.W.2d 417, 424 (Tex.App.‑-Waco 1999, pet. ref=d). 
Misdemeanor DWI is a lesser‑included offense of felony DWI.  Bryant, 135 S.W.3d at 136.

The
court=s charge
omitted the enhancements from the jury=s
consideration and effectively submitted the case to the jury as a
misdemeanor.  The jury found beyond a
reasonable doubt that Appellant had committed each and every element of the
primary DWI offense and Appellant has not challenged the sufficiency of the
evidence to support any of those elements. 
Under these circumstances, reformation to reflect a conviction of
misdemeanor DWI, rather than acquittal, is the proper disposition.  The case would be remanded for a new
punishment hearing.  See Tex.Code Crim.Proc.Ann. art.
44.29(b)(Vernon Supp. 2004-05).

Because
the majority concludes otherwise, I must offer my dissent.

 

 

 

                                                                                  

February 10, 2005

ANN
CRAWFORD McCLURE, Justice











[1]
The trial court reviewed Robles v. State, 85 S.W.3d 211 (Tex.Crim.App.
2002) and Hollen v. State, 87 S.W.3d 151 (Tex.App.--Fort Worth 2002), rev=d, 117 S.W.3d 798 (Tex.Crim.App.
2003).  Appellant=s
trial occurred prior to the Court of Criminal Appeals=
decision in Hollen.





[2]
In Strong, the Dallas Court of Appeals states that this Court held in Gelo
v. State, 1 S.W.3d 703, 705 (Tex.App.--El Paso 1999, no pet.) that the
State is not required to file a notice of appeal in order to appeal under
Article 44.01(c).  That is not the
holding of Gelo.  In Gelo,
the defendant complained that the Court had refused to allow him to
present cross-points in a previous appeal by the State.  The Court did not address whether the State
is required to file a notice of appeal when pursuing an appeal under Article
44.01(c).





[3]
In its opinion affirming the court of appeals=
decision in Mizell, the Court of Criminal Appeals declined to address
the issue.





[4]
There is no counterpart to Rule 25.1(c) in criminal appeals.